UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**FILED MAY 19 2025**

| | |
|---|---|
| **Stanley Zhong, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of California, et al.**<br><br>Defendants. | Case No. 2:25-cv-00495-DJC-CSK<br><br>Assigned to: The Honorable Chi Soo Kim |

# MOTION FOR RECONSIDERATION OF ORDER DENYING PRO SE LITIGANT ACCESS TO CM/ECF SYSTEM

Plaintiff, Nan Zhong, proceeding pro se, respectfully moves this Honorable Court to reconsider its Order dated 5/5/2025, (Docket Entry No. 8), which denied Plaintiff's motion for access to the Court's Case Management/Electronic Case Files (CM/ECF) system.

In support of this motion, Plaintiff states as follows:

# Background

On 4/21/2025, Plaintiff filed a motion requesting access to the CM/ECF system. On 5/5/2025, the Court issued an Order (hereinafter "the Order") denying this motion. The

Order stated that "Plaintiff Nan Zhong's motion for e-filing access does not provide good cause for deviance from this Local Rule [133(b)(2)]."

# Grounds for Reconsideration: Establishing Good Cause and Preventing Manifest Injustice

Plaintiff respectfully requests reconsideration, arguing that good cause *does* exist for granting CM/ECF access in this instance, and that a failure to grant such access imposes undue hardship that could amount to manifest injustice for a pro se litigant.

## The Practical Realities of Pro Se Litigation Constitute Good Cause

While Local Rule 133(b)(2) reserves CM/ECF access for pro se litigants by permission, "good cause" should be interpreted in light of the substantial burdens faced by individuals representing themselves. The reasons previously cited by Plaintiff – promoting efficiency, reducing significant costs associated with paper filing (printing, postage, travel), ensuring timely receipt of filings and court orders critical for meeting deadlines, and facilitating easier and more immediate access to the case docket – are not mere conveniences but are crucial for a pro se litigant to effectively manage their case and meet their obligations to the Court and opposing counsel.

**Cost**: The cost of printing, copying, and mailing voluminous documents in this litigation, especially if discovery becomes extensive, will pose a significant financial burden on Plaintiff. This financial barrier, directly alleviated by ECF access, demonstrates good cause.

**Timeliness & Logistics**: Reliance on postal mail for service of critical documents and Orders from opposing counsel (who use CM/ECF) and the Court creates inherent delays. This can shorten Plaintiff's effective response times and creates a risk of missed deadlines. CM/ECF provides immediate notification, leveling the playing field and constituting good cause.

**Inconsistent Communication Standards & Opposing Counsel's Preference**: Further demonstrating the practical need and good cause for CM/ECF access, Plaintiff has been requested by opposing counsel to consent to service of all filings by email. (A copy of this communication is attached hereto as Exhibit A: Email from Opposing Counsel dated May 14, 2025). This request underscores a mutual desire for efficient, electronic communication. However, relying on email for official service, while Plaintiff is denied access to the Court's secure and official CM/ECF system, creates an inconsistent and potentially less reliable method of service. Granting CM/ECF access would formalize electronic service in the manner anticipated by the Federal Rules and utilized by represented parties, rather than resorting to ad-hoc email agreements, and would ensure Plaintiff receives documents through the same reliable system as all other parties. This situation highlights the practical inefficiencies and disparities created by the denial of CM/ECF access.

**Readability and Accessibility for All Parties**: Electronic copies submitted via CM/ECF are inherently more legible and searchable than scanned paper documents. This benefits not only the Plaintiff but also the Court and opposing counsel by improving the clarity and accessibility of all filed materials, contributing to overall judicial efficiency.

**Demonstrated Capability and Trustworthiness in Other Jurisdictions**: Plaintiff has previously been granted CM/ECF access as a pro se litigant in other federal district courts, specifically the Western District of Washington and the Eastern District of Michigan. Plaintiff has utilized these systems successfully and without causing any issues or burden to those Courts, demonstrating a capacity to responsibly manage ECF privileges. (Documentations of ECF access in those two courts are provided as Exhibit B). This prior successful use in other federal jurisdictions provides strong evidence of Plaintiff's ability to comply with ECF procedures and constitutes good cause for granting access in this Court.

## Preventing Manifest Injustice

Denying CM/ECF access places Plaintiff at a distinct practical disadvantage compared to represented parties, potentially impeding the ability to fairly prosecute this case. This disadvantage, stemming from the logistical and financial impediments of conventional filing in an otherwise electronic system, can rise to the level of manifest injustice by hindering Plaintiff's access to justice. The Court's interest in the efficient administration of justice is also served by enabling pro se litigants to utilize the same tools as other parties where feasible.

## Willingness to Meet Conditions and Remedy Deficiencies

Plaintiff emphasizes a willingness to (e.g., complete any required court training for pro se ECF users, affirm understanding of ECF rules and responsibilities) to mitigate any concerns the Court may have regarding proper use of the system. Furthermore, should the Court identify any specific deficiency in Plaintiff's current capabilities or setup (such

as the need for specific training or equipment upgrades), Plaintiff respectfully requests the Court to identify such deficiencies so that Plaintiff may be given an opportunity to promptly remedy them.

## Argument for CM/ECF Access in Light of "Good Cause" Standard

As a pro se litigant, Plaintiff is solely responsible for all case management duties. The denial of CM/ECF access, when such access is the standard for all other parties and the Court itself, forces Plaintiff to operate under a different, more burdensome set of procedural constraints. This inherent inequality, and the specific hardships and demonstrated capabilities detailed above (including the preference of opposing counsel for electronic communication and Plaintiff's successful ECF use in other districts), constitute "good cause" for an exception to Local Rule 133(b)(2).

Many federal courts routinely grant CM/ECF access to pro se litigants who demonstrate a basic understanding of the system's requirements, recognizing that the benefits of efficiency, cost-saving, and timely communication serve the interests of all parties and the administration of justice.

Plaintiff is not seeking to deviate from any rules regarding the substance or timing of filings, but only the *method* of filing and receiving documents, to do so in a manner that is standard for all other participants in federal litigation.

## Proposed Relief

Plaintiff respectfully requests that the Court vacate its Order of 5/5/2025 regarding CM/ECF system access and, upon reconsideration, find that good cause exists to grant Plaintiff access to the CM/ECF system in this case, subject to any terms and conditions the Court deems appropriate.

WHEREFORE, Plaintiff Nan Zhong respectfully requests that this Court grant this Motion for Reconsideration and enter an Order permitting Plaintiff to register for and use the CM/ECF system in this action.

Dated: May 14, 2025

Respectfully Submitted,

Nan Zhong

Plaintiff Pro Se

211 Hope St #390755

Mountain View, CA 94039

425-698-9139

nanzhong1@gmail.com

# EXHIBIT A

Email from Opposing Counsel dated May 14, 2025, requesting Consent for Email Service



Nan Zhong <nanzhong1@gmail.com>

## Constitutional Question re: HSI Program - Zhong et al. v. UC Regents et al. (No. 25-cv-00495)

**Gelbort, Hannah E.** <Hannah.Gelbort@wilmerhale.com>   Wed, May 14, 2025 at 11:39 AM
To: Nan Zhong <nanzhong1@gmail.com>, "Tsai, Denise" <Denise.Tsai@wilmerhale.com>, "Ellsworth, Felicia H" <Felicia.Ellsworth@wilmerhale.com>, "Adegbile, Debo" <Debo.Adegbile@wilmerhale.com>, "Crafts, Michael" <Michael.Crafts@wilmerhale.com>

Mr. Zhong,

Thank you for your email. A few things:

1. Because the Department of Education is already a named defendant in this case, the notice of constitutional question was not required. FRCP 5.1(a)(1)(A) (notice is only necessary if "the parties do not include…one of [the United States'] agencies." Even if the notice had been required, we don't think that it or potential intervention by the Attorney General requires any special stipulation or our seeking the court's involvement.

2. The UC Defendants intend to file a motion to extend our deadline to respond to the Complaint to August 8, 2025. That date is 30 days from Plaintiff SWORD's deadline to obtain counsel and have that counsel file an appearance with the Court. Please let me know if you consent to this motion.

3. Please confirm whether you consent to receive service of all filings, including UC Defendants' forthcoming motion, by email at nanzhong1@gmail.com. If you consent, this will serve as consent to service by email under Federal Rule of Civil Procedure 5(b)(2)(E).

4. If you have an email address where we can contact Stanley Zhong regarding the forthcoming motion and his consent to service by email, we would appreciate receiving it.

Best,

Hannah

# EXHIBIT B

Documentation of ECF Access in Two Other District Courts

 Nan Zhong <nanzhong1@gmail.com>

## CM/ECF Non-Attorney E-Filing Registration, Western District of Washington

**WAWDdb_CMECFReg** <cmecfreg@wawd.uscourts.gov>  Tue, Apr 15, 2025 at 2:43 PM
To: Nan Zhong <nanzhong1@gmail.com>

Good afternoon,

You are now registered to file electronically and receive electronic service in case number 2:25-cv-00348-SKV in the Western District of Washington. **\*\*\*Please review the Pro Se E-Filing Quick Guide for more e-filing instructions and a link to the electronic filing system (CM/ECF).\*\*\***

Please note that by registering for electronic service, you waive your right to receive service of documents by first class mail, according to Federal Rule of Civil Procedure 5(b)(2)(E). You will be sent a Notice of Electronic Filing via e-mail each time a public docket entry is made in your case. Upon receipt of this notice, you are permitted one "free look" at the document by clicking **only once** on the hyperlinked Document Number. **The one "free look" will expire 15 days from the date the notice was sent.** After the "free look" is used or expires, the document can only be accessed through PACER (Public Access to Court Electronic Records).

If you have questions about electronically filing or receiving electronic service, please contact ECF Support at the phone number or email address listed below. Please note that ECF Support can only provide technical assistance. The assigned Judge's Case Administrator can assist with procedural questions.

ECF Support

206-370-840 x2

cmecf@wawd.uscourts.gov

 Gmail

Nan Zhong <nanzhong1@gmail.com>

## NextGen CM/ECF Registration Status

do_not_reply@psc.uscourts.gov <do_not_reply@psc.uscourts.gov>  Thu, Apr 17, 2025 at 6:21 AM
Reply-To: attyhelp@mied.uscourts.gov
To: nanzhong1@gmail.com

This email is notification that your NextGen CM/ECF electronic filing registration has been processed. You may check your E-Filing Status by visiting the "Manage My Account" section of the PACER web site and selecting "Check E-File Status" option from the "Maintenance" tab or use this link, https://pacer.psc.uscourts.gov/pscof/manage/efileStatus.jsf.

Account Number: 8341202
Court: MICHIGAN EASTERN DISTRICT COURT
Date/Time Submitted: 04/16/2025 10:00:07 CDT
Transaction ID: 45799
Request: Registration
Transaction Status: Processed

NOTE: Please do not reply to this message. This is an automated message sent from an unmonitored mailbox. If you have questions or comments, please email them to attyhelp@mied.uscourts.gov.