UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY ZHONG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 2:25-cv-00495-DJC-CSK<br><br>ORDER<br><br>(ECF Nos. 17, 26) |

Presently before the Court is Plaintiff Nan Zhong's motion for reconsideration of the Court's May 5, 2025 Order denying Plaintiff Zhong's motion for e-filing access. (ECF No. 17.)[1] Plaintiff Zhong has also filed a renewed request for e-filing access. (ECF No. 26.) For the reasons stated below, Plaintiff's motion for reconsideration and renewed request for e-filing access are denied.

A court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The choice to reconsider an order is left to the discretion of the court. *See id.* "A party seeking reconsideration must set forth facts

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

or law of a strongly convincing nature to induce the court to reverse a prior decision." *Brookins v. Hernandez*, 2020 WL 1923211, at *1 (E.D. Cal. Apr. 21, 2020); *see also* E.D. Cal. Local Rule 230(j) (requiring a party seeking reconsideration to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion").

Here, Plaintiff Zhong argues good cause exists for granting access to the Court's CM/ECF filing system because failure to grant such access imposes an undue hardship, amounts to manifest injustice for a pro se litigant, and creates procedural constraints on Plaintiff Zhong. ECF No. 17 at 2-5. Plaintiff Zhong presents no new or different facts or circumstances "of a strongly convincing nature" that did not exist when he filed his initial motion for e-filing access in April 2025. *See Brookins*, 2020 WL 1923211 at *1. Nor has he met the clear error, manifest injustice, or intervening change in the law standards. *See Smith*, 727 F.3d at 955. Thus, Plaintiff's motion for reconsideration is denied. Similarly, Plaintiff Zhong's renewed request for e-filing access is denied for the same reasons in the Court's May 5, 2025 Order in that it fails to establish good cause for deviance from Local Rule 133(b)(2). *See* E.D. Cal. Local Rule 133(b)(2) ("any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.").

The Court is amenable, however, to allowing Plaintiff Zhong to receive service of documents by electronic means. *See* ECF No. 17 at 3. Should he wish to take advantage of this, Plaintiff Zhong may file a request with the Clerk of Court to receive service of documents at his email address. If Plaintiff Zhong files such a request, the Clerk is directed to configure Plaintiff Zhong's account so that he will receive immediate email notifications when documents are filed in the case. In doing so, Plaintiff Zhong will consent to receive service of documents electronically and will waive the right to receive service by first class mail under Federal Rule of Civil Procedure 5(b)(2)(D).

/ / /

/ / /

**ORDER**

Accordingly, the Court ORDERS that:

1. Plaintiff Zhong's motion for reconsideration (ECF No. 17) is DENIED;
2. Plaintiff Zhong's renewed request for e-filing access (ECF No. 26) is DENIED; and
3. Plaintiff Zhong may submit a request to the Clerk of Court to allow for electronic service by email, as instructed above.

Dated: July 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, zhon0495.25