1 NAN ZHONG (Plaintiff *pro se*)
2 211 Hope St. #390755
3 Mountain View, CA 94039
4 Telephone: 425-698-9139
5 nanzhong1@gmail.com
6

FILED

AUG 21 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

7 UNITED STATES DISTRICT COURT

8 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| **Stanley Zhong, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of California, et al.**<br><br>Defendants. | Case No. 2:25-cv-00495-DAD-CSK<br><br>Assigned to: The Honorable Chi Soo Kim |

10 **NOTICE OF MOTION FOR LEAVE**

11 **TO FILE SECOND AMENDED COMPLAINT**

12 TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

13 PLEASE TAKE NOTICE that on **October 7, 2025**, at **10am**, or at another time

14 convenient for the Court, in Courtroom 25 of the Robert T. Matsui United States

15 Courthouse at 501 I Street, Sacramento, CA 95814 or in such manner as the Court

16 directs, Plaintiffs will and hereby do move the Court pursuant to Federal Rule of Civil

17 Procedure 15(a)(2) for leave to file a Second Amended Complaint.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the proposed Second Amended Complaint (attached as Exhibit A), the proposed Order, the records and papers on file in this action, and such other matters as may properly come before the Court.

Respectfully submitted,

Dated: August 18, 2025

/s/ **Nan Zhong**

Nan Zhong, Pro Se Plaintiff

/s/ **Stanley Zhong**

Stanley Zhong, Pro Se Plaintiff

NAN ZHONG (Plaintiff *pro se*)
211 Hope St. #390755
Mountain View, CA 94039
Telephone: 425-698-9139
nanzhong1@gmail.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stanley Zhong, et al.** | |
| Plaintiffs, | Case No. 2:25-cv-00495-DAD-CSK |
| v. | |
| **The Regents of the University of California, et al.** | Assigned to: The Honorable Chi Soo Kim |
| Defendants. | |

# PLAINTIFFS' MOTION FOR LEAVE
# TO FILE SECOND AMENDED COMPLAINT

## Introduction

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs respectfully move for leave to file a Second Amended Complaint ("SAC"). Plaintiffs have attached the proposed SAC as Exhibit A. Good cause exists to grant this motion because the amendment is timely, non-prejudicial, and necessary to ensure full and fair adjudication of Plaintiffs' claims.

# Legal Standard

Rule 15(a)(2) provides that leave to amend should be "freely given when justice so requires." The Supreme Court has emphasized that this mandate is to be heeded absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has consistently applied this liberal standard. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

# Background

1. Plaintiffs filed their original Complaint on February 13, 2025.
2. Plaintiffs filed a First Amended Complaint ("FAC") on July 30, 2025, adding additional defendants, facts and claims.
3. Since the filing of the FAC, Plaintiffs have obtained new information that materially strengthens their claims, particularly concerning:
   - The University of California's documents that connect its admissions with its pursuit of the "Hispanic Serving Institution" (HSI) program, which Plaintiffs allege incentivizes and perpetuates unconstitutional racial balancing in admissions.
   - Public statements by UC officials acknowledging admissions-related practices after the Supreme Court's ruling in *SFFA v. Harvard*.
   - The Chancellors' leadership role in pursuit of the HSI status.
   - Standing issues regarding Plaintiff Nan Zhong's minor son, who faces imminent harm from UC's allegedly unlawful admissions practices.

# Proposed Amendments

The SAC makes the following key changes:

- **Adds a new claim for relief (Count VI)** under the Administrative Procedure Act, challenging the Department of Education's administration of the HSI program as unconstitutional and ultra vires.
- **Clarifies Plaintiffs' standing allegations**, particularly concerning imminent harm to Nan's minor son.
- **Incorporates newly obtained evidence**, including statements by UC officials and documents linking the pursuit of the HSI designation to admissions.
- **Adds a new defendant**, Mr. Kevin R. Johnson, Dean of UC Davis School of Law, in his official capacity.

# Argument

### I. The Amendment Is Timely

The motion is filed early in the proceedings, prior to any Rule 26(f) discovery conference, before any dispositive motions have been decided, and well before trial. Courts regularly grant leave to amend at this stage.

### II. The Amendment Will Not Prejudice Defendants

Defendants have not yet filed a responsive pleading to the FAC. Consolidating the issues into the SAC will simplify proceedings and avoid piecemeal litigation. Any additional briefing is part of ordinary litigation and does not constitute undue prejudice.

## III. The Amendment Is Not Futile

The proposed SAC asserts colorable claims under the Fourteenth Amendment, Title VI, 42 U.S.C. § 1981, and the Administrative Procedure Act. Plaintiffs provide detailed factual allegations, supported by documents and public statements, that plausibly state claims for relief under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## IV. Justice Requires Granting Leave

Denying leave would unfairly bar Plaintiffs from presenting newly developed claims and evidence central to this case, contrary to the liberal amendment policy of Rule 15(a)(2).

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint attached as Exhibit A.

Respectfully submitted,

Dated: August 18, 2025

**/s/ Nan Zhong**

Nan Zhong, Pro Se Plaintiff

**/s/ Stanley Zhong**

Stanley Zhong, Pro Se Plaintiff

NAN ZHONG (Plaintiff *pro se*)
211 Hope St. #390755
Mountain View, CA 94039
Telephone: 425-698-9139
nanzhong1@gmail.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stanley Zhong, et al.** <br><br> Plaintiffs, <br><br> v. <br><br> **The Regents of the University of California, et al.** <br><br> Defendants. | Case No. 2:25-cv-00495-DAD-CSK <br><br> Assigned to: The Honorable Chi Soo Kim |

# PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiffs respectfully seek leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed amendment adds (1) additional factual allegations based on new information, and (2) a new claim for relief against the

U.S. Department of Education ("ED") challenging the constitutionality of the Hispanic-Serving Institution ("HSI") program.

The amendment is timely, made in good faith, and will not unduly prejudice Defendants. Because Rule 15 embodies a strong presumption in favor of amendment—"[t]he court should freely give leave when justice so requires"—the Court should grant this motion.

## II. CERTIFICATION OF MEET AND CONFER

On August 11, 2025, Plaintiff Nan Zhong conferred with counsel for the University of California ("UC") Defendants via email, seeking their consent to file the Second Amended Complaint. On August 13, 2025, UC counsel stated their opposition without providing a reason, making this motion necessary as to those defendants. Separately, on August 18, 2025, Plaintiff Nan Zhong conferred with the Assistant U.S. Attorney for the Federal Defendants, who stated that they do not oppose this motion. Plaintiffs and the Federal Defendants have agreed to file a joint stipulation reflecting this non-opposition shortly after the motion is mailed and docketed by the clerk.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." The Supreme Court has explained that this mandate "is to be heeded," and absent a showing of undue delay, bad faith, futility, or undue prejudice to the opposing party, leave should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit applies Rule 15 with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Courts generally permit amendment unless the nonmoving party demonstrates clear prejudice or futility. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. ARGUMENT

### A. The Proposed Amendment Is Timely and in Good Faith

Plaintiffs moved promptly after identifying the need to clarify allegations and add a claim addressing the ED's role in incentivizing racial preferences through the HSI program. This claim is directly related to the issues already in dispute, particularly UC's admissions policies, and arises from the same nucleus of facts. Plaintiffs have not delayed or sought amendment for any dilatory purpose.

### B. Amendment Will Not Prejudice Defendants

Defendants will not suffer undue prejudice. The case remains at the pleading stage, with no discovery or substantive motion practice completed. Consolidating all issues now promotes efficiency and avoids duplicative litigation over constitutional questions central to both the UC Defendants and the ED. The proposed unified response deadline (October 9, 2025 or later) ensures fairness and efficiency for all parties.

### C. The Proposed Amendment Is Not Futile

This amendment adds new factual allegations, including evidence of UC's pursuit of numerical racial targets under the Hispanic-Serving Institutions (HSI) program and recent statements by UC officials revealing their intent to circumvent the Supreme

Court's ruling in *SFFA v. Harvard*. It also names a new defendant, and asserts a new claim that ED has exceeded its statutory authority (*ultra vires*) and violated the Equal Protection Clause by conditioning federal funding on racial enrollment benchmarks through the HSI program. This claim presents a justiciable controversy and builds upon factual materials already referenced in Plaintiffs' First Amended Complaint. The claim is legally viable and not subject to dismissal as futile at this stage.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Second Amended Complaint, attached hereto as Exhibit A.

Dated: August 18, 2025

/s/ **Nan Zhong**

Nan Zhong, Pro Se Plaintiff

/s/ **Stanley Zhong**

Stanley Zhong, Pro Se Plaintiff

NAN ZHONG (Plaintiff *pro se*)
211 Hope St. #390755
Mountain View, CA 94039
Telephone: 425-698-9139
nanzhong1@gmail.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stanley Zhong, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of California, et al.**<br><br>Defendants. | Case No. 2:25-cv-00495-DAD-CSK<br><br>Assigned to: The Honorable Chi Soo Kim |

## Declaration of Nan Zhong in Support of Motion for Leave to File Second Amended Complaint

I, Nan Zhong, declare as follows:

1. I am a Plaintiff in this action and submit this declaration in support of Plaintiffs' Motion for Leave to File a Second Amended Complaint ("SAC").

2. Since filing the First Amended Complaint, new facts and legal grounds have arisen that warrant amendment. Specifically, Plaintiffs assert an additional claim for relief against the United States Department of Education, challenging the

constitutionality and legality of the Department's Hispanic-Serving Institution (HSI) program as applied to public universities, including the University of California.

3. The proposed SAC is submitted herewith as **Exhibit A**. It incorporates this new claim while retaining the existing claims against the University of California Defendants.

4. Plaintiffs have acted diligently. The proposed amendments are based on information that became clear only after filing the First Amended Complaint. The amendment is brought in good faith to include this critical new information and is not intended to cause undue delay or prejudice. To the contrary, Plaintiffs are motivated to advance this litigation expeditiously, as the imminent harm to the Minor Son grows closer with each passing day. As evidence of this, when opposing counsel recently requested a 60-day extension, Plaintiffs counter-offered a shorter 30-day period to ensure the case moves forward promptly.

5. Plaintiffs reached out to opposing counsel for their position. Counsel for the Federal Defendants has indicated they do not oppose the filing of the SAC. Counsel for the UC Defendants indicated they oppose, though without providing a substantive basis.

6. Amendment at this stage will not prejudice Defendants. No discovery has commenced, and no scheduling order has been disrupted. Allowing the SAC will ensure that the issues are fully presented for judicial resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of August, 2025, in Mountain View, California.

**/s/ Nan Zhong**

Nan Zhong, Plaintiff Pro Se