1 NAN ZHONG (Plaintiff *pro se*)
2 211 Hope St. #390755
3 Mountain View, CA 94039
4 Telephone: 425-698-9139
5 nanzhong1@gmail.com
6



FILED
AUG 27 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

7           UNITED STATES DISTRICT COURT

8        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

**Stanley Zhong, et al.**

Plaintiffs,

v.

**The Regents of the University of California, et al.**

Defendants.

Case No. 2:25-cv-00495-DAD-CSK

Assigned to: The Honorable Chi Soo Kim

10 **NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST**

11 **DEFENDANT FOR SPOLIATION OF EVIDENCE;**

12 **MEMORANDUM OF POINTS AND AUTHORITIES**

13 **Date: October 7, 2025**

14 **Time: 10am (Pacific Time)**

15 **Courtroom:** Courtroom 25 of the Robert T. Matsui United States Courthouse at 501 I

16 Street, Sacramento, CA 95814

17 **Judge:** The Honorable Chi Soo Kim

**NOTICE OF MOTION**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on **October 7, 2025**, at **10am**, or at another time convenient for the Court, in Courtroom 25 of the Robert T. Matsui United States Courthouse at 501 I Street, Sacramento, CA 95814 or in such manner as the Court directs, Plaintiff Nan Zhong ("Plaintiff") will and hereby does move this Court for an order imposing sanctions on Defendant the University of California, et al ("Defendant" or "UC") for the spoliation of critical evidence in this case.

This motion is made pursuant to Federal Rule of Civil Procedure 37(e) on the grounds that Defendant, despite having a clear duty to preserve electronically stored information ("ESI") relevant to this action, destroyed evidence critical to Plaintiff's claims by entering the office of Professor Perry Link, removing his desktop computer, and intentionally erasing its contents. Defendant's actions were undertaken in bad faith and have caused irreparable prejudice to Plaintiff.

Plaintiff seeks sanctions including, but not limited to:

1. An adverse inference instruction to the jury, stating that the destroyed evidence was unfavorable to Defendant;
2. An order precluding Defendant from offering evidence or argument to contest the facts that the destroyed data would have established;
3. Monetary sanctions to cover the costs Plaintiff has incurred in connection with this motion; and

4. An order compelling Defendant to produce the computer's hard drive for forensic analysis at Defendant's expense.

This motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, the Declaration of Nan Zhong and the exhibits attached thereto, all papers and pleadings on file in this action, and such other evidence and argument as may be presented to the Court at the hearing of this motion.

Dated: August 26, 2025

Respectfully submitted,

**/s/ Nan Zhong**

Nan Zhong, Pro Se Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves claims that the University of California engages in discriminatory practices. Plaintiff's complaint specifically references the experiences of Professor Perry Link as evidence of these practices. Despite a litigation hold being in effect, Defendant entered Professor Link's office without his knowledge or consent, seized his UC-owned desktop computer, and erased its hard drive. This computer contained faculty hiring and admissions data directly relevant to the central claims of this lawsuit.

Defendant's actions constitute a flagrant and willful violation of its duty to preserve evidence. The timing of this destruction—months before Professor Link was scheduled to vacate his office—and Defendant's subsequent evasive responses to Plaintiff's inquiries are clear evidence of bad faith. The destruction of this irreplaceable evidence has severely prejudiced Plaintiff's ability to prove his case. Accordingly, the Court should impose severe sanctions under Rule 37(e) to remedy this prejudice and deter future misconduct.

## II. STATEMENT OF FACTS

The facts demonstrating Defendant's spoliation are straightforward. Plaintiff put Defendant on notice of its preservation obligations before filing this lawsuit. (Declaration of Nan Zhong ("Zhong Decl."), ¶ 2). The complaint expressly cites Professor Perry Link's experiences. (Zhong Decl., ¶ 3).

In May 2025, UC staff entered Professor Link's office, took his computer, and erased its contents. This was done without Professor Link's knowledge or consent and in direct violation of an agreement allowing him to occupy the office until July 2025. (Zhong Decl., ¶ 4). The computer contained faculty hiring and admissions data that Professor Link had accumulated, which is directly relevant to Plaintiff's claims. (Zhong Decl., ¶ 5).

On August 24, 2025, Plaintiff emailed UC counsel, detailing the spoliation and demanding an explanation within 48 hours. (Zhong Decl., ¶ 6, Exhibit A). On August 25, UC counsel responded with a one-sentence email stating only, "We are looking into this and will respond when we have more information to share." (Zhong Decl., ¶ 7, Exhibit B). After the 48-hour deadline passed without a substantive response, Plaintiff notified counsel that he would be proceeding with this motion. (Zhong Decl., ¶ 8, Exhibit C).

## III. LEGAL ARGUMENT

### A. The Legal Standard for Spoliation Sanctions Under FRCP 37(e)

Federal Rule of Civil Procedure 37(e) governs the failure to preserve ESI. Sanctions are warranted when a party had a duty to preserve ESI, failed to take reasonable steps to do so, and the ESI cannot be restored or replaced. If the court finds the party acted with the "intent to deprive another party of the information's use in the litigation," it may impose severe sanctions, including an adverse inference instruction or dismissal of the action. FRCP 37(e)(2).

A party's duty to preserve evidence arises when it knows or should have known that the evidence is potentially relevant to litigation. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

**B. Defendant Willfully Destroyed Relevant Evidence.**

Here, all elements for sanctions are met.

1. **Duty to Preserve:** Defendant's duty to preserve was triggered, at the latest, when this lawsuit was filed. The computer of Professor Link, an individual named in the complaint, was clearly within the scope of that duty.

2. **Evidence Destroyed:** Defendant admits the computer was "erased." This ESI cannot be restored through other means, as it was unique data stored on that specific machine.

3. **Intent to Deprive:** Defendant's intent can be inferred from the circumstances. They violated their own agreement with Professor Link to seize the computer months early. They did so covertly, without his knowledge. This conduct is not merely negligent; it is purposeful and demonstrates a clear intent to destroy unfavorable evidence. Ownership of the computer is no defense; the duty was to preserve the *evidence*, not the hardware.

**C. Severe Sanctions Are Warranted to Remedy the Prejudice to Plaintiff.**

The destroyed data is central to Plaintiff's case. It contained direct evidence of Defendant's hiring and admissions practices. Its loss is highly prejudicial. The only appropriate remedy is an adverse inference instruction, which presumes the lost

information was unfavorable to Defendant. This shifts the prejudicial effect of the spoliation from the innocent party (Plaintiff) to the wrongdoer (Defendant).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Sanctions and provide all the relief requested herein.

Dated: August 26, 2025

Respectfully submitted,

/s/ **Nan Zhong**

Nan Zhong

Plaintiff Pro Se

NAN ZHONG (Plaintiff *pro se*)
211 Hope St. #390755
Mountain View, CA 94039
Telephone: 425-698-9139
nanzhong1@gmail.com

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stanley Zhong, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**The Regents of the University of California, et al.**<br><br>Defendants. | Case No. 2:25-cv-00495-DAD-CSK<br><br>Assigned to: The Honorable Chi Soo Kim |

# DECLARATION OF NAN ZHONG IN SUPPORT OF

# MOTION FOR SANCTIONS

I, Nan Zhong, declare as follows:

1. I am the Plaintiff in this action and am proceeding pro se. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. Before filing this lawsuit, I ensured that Defendant was on notice of its obligation to preserve all evidence relevant to the claims in this case, including by serving a litigation hold notice.

3. My complaint in this matter specifically references the experiences and knowledge of Professor Perry Link as evidence supporting my claims against Defendant.

4. Based on my communications with Professor Perry Link on August 21 and 22, 2025, I learned the following: In May 2025, UC staff entered his office without his knowledge or consent, removed his desktop computer, and erased its contents, thereby violating a prior agreement allowing him to use the office until July 2025. Professor Link confirmed to me that the computer contained his collected data on faculty hiring and student admissions, which are directly relevant to this lawsuit.

5. On August 24, 2025, at 11:59 AM, I sent an email to counsel for Defendant, detailing these facts and demanding an explanation within 48 hours. A true and correct copy of this email is attached hereto as **Exhibit A**.

6. On August 25, 2025, I received a one-sentence email response from Defendant's counsel stating, "We are looking into this and will respond when we have more information to share." A true and correct copy of this email is attached hereto as **Exhibit B**.

7. After the 48-hour deadline passed without any substantive response, on August 26, 2025, I sent a follow-up email to Defendant's counsel informing them that I would be proceeding with a motion for sanctions. A true and correct copy of this email is attached hereto as **Exhibit C**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 26, 2025, in Mountain View, CA.

1 /s/ **Nan Zhong**

2 Nan Zhong

# Exhibit A

 Gmail                                               Nan Zhong <nanzhong1@gmail.com>

## [URGENT] Zhong v. UC - Spoliation of Evidence – Professor Perry Link's Computer

**Nan Zhong** <nanzhong1@gmail.com>                             Sun, Aug 24, 2025 at 11:59 AM
To: "Crafts, Michael" <Michael.Crafts@wilmerhale.com>, "Adegbile, Debo" <debo.adegbile@wilmerhale.com>, "Ellsworth, Felicia H" <felicia.ellsworth@wilmerhale.com>, "Tsai, Denise" <denise.tsai@wilmerhale.com>, "Hogue, Sharon Kelleher" <sharon.hogue@wilmerhale.com>, "Vittor, Joshua" <joshua.vittor@wilmerhale.com>
Cc:
Bcc:

Dear UC Counsel,

Plaintiffs have learned that, notwithstanding the litigation hold and our express reference to Professor Perry Link in the complaint, UC staff nevertheless entered his office in May 2025, removed his UC-owned desktop computer, and erased its contents in direct violation of UC's preservation obligations. This action was taken without Professor Link's knowledge, presence, or consent. UC had previously promised Professor Link that he could retain his office, and thus access to the computer, until July 2025.

The erased desktop contained faculty hiring and admissions data directly relevant to this litigation. Ownership of the machine is irrelevant: because UC had custody and control of the computer, its contents were squarely within UC's preservation obligations. By erasing it ahead of schedule and without notice, UC engaged in spoliation of evidence.

Please **immediately** confirm:

　　1. Who authorized or carried out this removal and erasure;

　　2. Whether any forensic images, backups, or mirrored server copies exist; and

　　3. What remedial steps UC will take to preserve and produce this destroyed evidence.

Plaintiffs demand that UC immediately preserve all related backups, IT logs, metadata, and any other associated records. We are evaluating remedies under Federal Rule of Civil Procedure 37(e), including sanctions, adverse inference instructions, preclusion orders, and cost-shifting.

Please respond within 48 hours with a full explanation.

Sincerely,
Nan Zhong
Plaintiff Pro Se

1

# Exhibit B

 Nan Zhong <nanzhong1@gmail.com>

## [URGENT] Zhong v. UC - Spoliation of Evidence – Professor Perry Link's Computer

**Hogue, Sharon Kelleher** <Sharon.Hogue@wilmerhale.com>   Mon, Aug 25, 2025 at 5:14 PM
To: Nan Zhong <nanzhong1@gmail.com>, "Crafts, Michael" <Michael.Crafts@wilmerhale.com>, "Adegbile, Debo" <Debo.Adegbile@wilmerhale.com>, "Ellsworth, Felicia H" <Felicia.Ellsworth@wilmerhale.com>, "Tsai, Denise" <Denise.Tsai@wilmerhale.com>, "Vittor, Joshua" <Joshua.Vittor@wilmerhale.com>
Cc: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Thanks, Nan. We are looking into this and will respond when we have more information to share.

Best,

Sharon

**Sharon Kelleher Hogue | WilmerHale**
She/Her/Hers
+1 617 526 6702 (t)
+1 857 328 3066 (c)

2

1

# Exhibit C

 Nan Zhong <nanzhong1@gmail.com>

## [URGENT] Zhong v. UC - Spoliation of Evidence – Professor Perry Link's Computer

**Nan Zhong** <nanzhong1@gmail.com>    Tue, Aug 26, 2025 at 12:18 PM
To: "Hogue, Sharon Kelleher" <Sharon.Hogue@wilmerhale.com>
Cc: "Crafts, Michael" <Michael.Crafts@wilmerhale.com>, "Adegbile, Debo" <Debo.Adegbile@wilmerhale.com>, "Ellsworth, Felicia H" <Felicia.Ellsworth@wilmerhale.com>, "Tsai, Denise" <Denise.Tsai@wilmerhale.com>, "Vittor, Joshua" <Joshua.Vittor@wilmerhale.com>, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear UC Counsel,

This email follows up on your response yesterday regarding the destruction of evidence on Professor Perry Link's desktop computer.

As you know, our email of August 24 requested a full explanation within 48 hours. That deadline has now expired. Your response, which lacked any substantive information, is inadequate given the gravity of the situation.

Because UC has failed to provide a timely or meaningful explanation for its spoliation of evidence, we are left with no alternative but to seek relief from the court. We are therefore preparing a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(e), which we intend to file imminently.

Sincerely,
Nan Zhong

[Quoted text hidden]

2