WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for UC Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY ZHONG, et al.,<br><br>    *Plaintiffs*,<br><br> v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    *Defendants*. | Case No. 2:25-cv-00495-DAD-CSK<br><br>**UC DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  October 7, 2025<br>Time:  10:00 a.m.<br>Place:  Courtroom 25, 8th Floor<br>Judge:  Hon. Chi Soo Kim |

## INTRODUCTION

Stanley Zhong and his father Nan Zhong brought this suit after Stanley[1] applied for and was not admitted to undergraduate programs at five University of California ("UC") campuses—UC Berkeley, UC Davis, UC Los Angeles ("UCLA"), UC Santa Barbara, and UC San Diego. Plaintiffs have challenged this outcome in a series of meandering pleadings, and notwithstanding their two, voluminous prior complaints, Plaintiffs now seek permission to file a Second Amended Complaint ("SAC"). The proposed SAC puts forth threadbare, irrelevant, and conclusory allegations against more than 40 defendants associated with UC, including all of the UC Regents; the UC president and provost; UC's undergraduate admissions director; chancellors, admissions directors, and computer science department chairs of each campus to which Stanley applied; and the deans of two law schools to which Stanley did not (and at this point, could not) apply.[2] Many of these defendants—including a law school dean named for the first time in the proposed SAC—play no role in the undergraduate admissions outcomes Plaintiffs challenge, and the proposed SAC makes no effort to plead that they did. Nor can the new allegations in the proposed SAC bring Plaintiffs any closer to stating plausible claims. They do not, as Plaintiffs claim, "incorporat[e] newly obtained evidence," Dkt. 36 at 3, but instead pad the complaint with years-old information unconnected to the processes under which Stanley's applications were reviewed. And far from "clarif[ying]" Nan's standing to sue on behalf of his minor son, the proposed SAC only confirms that binding case law prohibits Nan from representing his son at all, and that in any event, his 16-year-old son is neither ready nor able to apply for undergraduate admission. Allowing the proposed SAC would only deepen the flaws in Plaintiffs' claims while also burdening the UC Defendants and the Court.

---

[1] To avoid confusion, this Opposition refers to Plaintiff Nan Zhong as "Nan" and Plaintiff Stanley Zhong as "Stanley."

[2] As named in the operative complaint, the "UC Defendants" are (1) the Regents of UC (including the five UC campuses to which Stanley applied, which are not legal entities independent of the Regents); (2) eighteen individual Regents; (3) UC President Michael V. Drake; (4) UC Provost Katherine S. Newman; (5) UC Associate Vice Provost Han Mi Yoon-Wu; (6) UC Berkeley School of Law Dean Erwin Chemerinsky; (7) four UC Chancellors and two former UC Chancellors; (8) the Directors of Undergraduate Admissions at the five campuses to which Stanley applied; and (9) the Computer Science Department Chairs at those five campuses. Dkt. 30.

1    This Court should exercise its discretion to deny leave to amend for a second time because amendment would be prejudicial and untimely. The prejudice to the UC Defendants is plain because the proposed SAC implicates yet another UC official with no connection to the undergraduate admissions practices that Plaintiffs purport to challenge, making clear that Plaintiffs' goal in the SAC is to burden UC and the many apex defendants that Plaintiffs name rather than state a viable claim. The proposed SAC also adds even more allegations that are irrelevant to Plaintiffs' asserted injuries, replacing the operative complaint with one that is longer and more disjointed, but just as meritless. Rather than provide a short and plain statement of their claims consistent with Rule 8, Plaintiffs burden the UC Defendants and the Court by only further obscuring their asserted grounds for relief. Amendment would therefore force the UC Defendants to expend even more time and resources sifting through irrelevant allegations and legal conclusions and preparing defenses on behalf of individuals who are in no way connected to Plaintiffs' underlying claims. Amendment is also untimely because the "new" facts Plaintiffs allegedly recently discovered and intend to include in the proposed SAC are from sources that were available to Plaintiffs long before they initiated this suit. As set forth below, courts deny leave to amend even under Rule 15's permissive standard where, like here, amendment would impose unnecessary burdens on the opposing parties and the Court. Accordingly, this Court should deny the Motion for Leave to File Second Amended Complaint. Dkt. 36.

**BACKGROUND**

Plaintiffs filed their original complaint on February 11, 2025, naming the UC Regents, who are not involved in admissions decisions; the five UC campuses to which Stanley applied; and fourteen individuals associated with UC. Dkt. 1. Many of the complaint's allegations were devoted to issues far afield of the allegedly discriminatory undergraduate admissions practices to which Stanley was subjected, such as faculty hiring, *see id.* ¶¶ 92, 95-100; graduate admissions, *id.* ¶¶ 102-104; and alleged discrimination carried out by institutions other than UC, *id.* ¶¶ 76-84. Plaintiffs' complaint offered no explanation for how the individual defendants played any role in the admissions processes they challenged; in fact, the body of the complaint mentioned almost none of the individuals named in its caption, devoting inordinate space (as well as an exhibit) to

statements by the dean of a law school to which Stanley did not apply. *See id.* ¶¶ 92-97, 190. Plaintiffs also appended 78 exhibits, largely fragments of news articles or website screenshots. *See generally id.*

On July 29, 2025, Plaintiffs filed the FAC. Dkt. 30. Nearly double the length of the original complaint, the FAC named 24 new defendants associated with UC (including each of the individual Regents and the Chancellors of six UC campuses), bringing the total to more than 40 UC-affiliated defendants. *See id.* The FAC also specified that all but two of the individual UC Defendants were sued not only in their official capacities but in their personal capacities as well, dragging individuals with no connection to Stanley's admissions outcomes into federal litigation and putting them at risk of personal liability. *See id.* Like the original complaint, many of the new allegations in the FAC again focused on issues such as faculty hiring and graduate admissions that are irrelevant to Plaintiffs' claims that the UC Defendants discriminated against Stanley in his application for undergraduate admission at five UC campuses. *See, e.g.*, *id.* ¶¶ 60, 108, 145, 147, 159-165, 184-189, 195-197.

Plaintiffs now seek to amend a second time. The proposed SAC adds yet another irrelevant UC defendant: the Dean of UC Davis School of Law. Dkt. 36 at 2. And while Plaintiffs claim that the proposed SAC "[c]larifies Plaintiffs' standing allegations" concerning Nan's minor son, *Id.* at 3, these new allegations only confirm the lack of standing based on binding case law holding that Nan cannot represent his minor son *pro se*, *see* Dkt. 36-2 ¶¶ 18-24, 287. The proposed SAC also purports to "[i]ncorporate[] newly obtained evidence" by reproducing quotes from a panel discussion and characterizing reports issued by UC that not only fail to further Plaintiffs' claims but also were available to Plaintiffs more than a year before they filed suit. *Id.* ¶¶ 151-152, 157-163.

**ARGUMENT**

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff who has previously amended a complaint as of right "may amend its pleading only with … the court's leave." The Court may deny leave to amend "where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Found. v.*

3

*Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (internal quotation marks omitted). "Prejudice to the opposing party must be given the greatest weight." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1175 (E.D. Cal. 2013) (citation omitted). A prolix pleading that violates Rule 8's requirement of a "short and plain statement of the claim" prejudices the opposing party. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-1059 (9th Cir. 2011).

The Court should deny leave to amend here. The proposed SAC attempts to add an improper and irrelevant defendant, make a series of irrelevant factual allegations, and asserts legal conclusions. It also presents as "new information," Dkt. 36 at 7, old facts which Plaintiffs knew or reasonably should have known when they filed their previous pleadings. These defects render amendment both prejudicial to the UC Defendants and untimely.

## I.    AMENDMENT WOULD BE PREJUDICIAL TO THE UC DEFENDANTS

Courts deny requests to amend pleadings where an amendment is prejudicial to the opposing party because it "would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Fresno Unified*, 980 F. Supp. 2d at 1177. Allowing further amendment here would do both. The proposed SAC adds allegations that have nothing to do with the undergraduate admissions processes that Plaintiffs purport to challenge and no chance of withstanding a motion to dismiss, violating Rule 8 and imposing unnecessary costs on the UC Defendants and the Court.

The proposed amendments are prejudicial because they add even more allegations that are untethered to Plaintiffs' claims against the UC Defendants. Proposed amendments that are "argumentative, prolix, replete with redundancy, and largely irrelevant," can "impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996). The Ninth Circuit has squarely explained that leave to amend should be denied where plaintiffs "burden [their] adversary with the onerous task of combing through" a pleading loaded with irrelevant allegations "just to … determine what claims and allegations must be defended or otherwise litigated." *Cafasso*, 637 F.3d at 1059. Such complaints run afoul of Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to

4

relief." *See id.* at 1058-1059; *accord Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (complaint violates Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." (internal citation omitted)).  A proposed amendment that violates Rule 8 "prejudices the opposing party and may show bad faith of the movant, both valid grounds to deny leave to amend." *Cafasso*, 637 F.3d at 1058-1059.  That is precisely the effect of the proposed SAC.  It comes no closer to setting forth with "simplicity, conciseness and clarity … whom plaintiffs are suing for what wrongs," as required by Rule 8.  *McHenry*, 84 F.3d at 1180.  Instead, the proposed SAC only compounds the pleading defects of its prior iterations.

*First*, the proposed SAC attempts to ensnare another defendant unconnected to undergraduate admissions—UC Davis School of Law Dean Kevin R. Johnson, Dkt. 36-2 ¶ 36—and to supplement the complaint with irrelevant allegations regarding UC Berkeley Law Dean Erwin Chemerinsky, *see id.* ¶¶ 151-152, 233, 245.  There are no allegations that Stanley, Nan, or Nan's Minor Son (on whose behalf Nan asserts standing) have applied, plan to, or would even be eligible to apply to law school at UC Davis, UC Berkeley, or elsewhere.  These new allegations and the inclusion of Dean Johnson as a defendant can have no purpose except to burden additional individuals associated with UC.  They certainly do not warrant leave to amend because they "would only add irrelevant and unrelated defendants and irredeemably defective claims." *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1254 (N.D. Cal. 2014) (denying motion for leave to file second amended complaint).  Here, like in *Washington*, the defendant Plaintiffs seek to add (a law school dean) is "wholly unrelated to the … claims alleged in this action," related to undergraduate admissions.  *See id.*  Amendment would therefore "prejudice both existing and proposed new" UC Defendants, as well as the Court, *id.*, all of whom must expend time and resources to further untangle the proposed SAC in an attempt to distill what legal claims Plaintiffs are asserting against which defendants, and on what grounds.

*Second*, the proposed SAC does not bring Plaintiffs closer to a short and plain statement showing their entitlement to relief because it adds allegations that are conclusory and render Plaintiffs' claims subject to dismissal.  Amendments are improper where they add allegations that "fail to state any facts that would survive a future motion to dismiss." *Washington*, 75 F. Supp.

3d at 1254.  But that is just what the proposed SAC does.  Many of the new allegations are legal arguments, which cannot help Plaintiffs state a viable claim.  "Legal conclusions are not facts," and therefore they "are not appropriate matters justifying amendment or supplementation" of a pleading.  *Fresno Unified*, 980 F. Supp. 2d at 1181 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  The proposed SAC's new allegations arguing that Nan can represent his minor son are particularly prejudicial because they concede that binding Ninth Circuit precedent holds that parents cannot represent their minor children *pro se*.  Dkt. 36-2 ¶¶ 19-21, 24 (discussing *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997)).  Indeed, the Ninth Circuit recently reaffirmed the holding of *Johns*, making clear that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."  *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1179 (9th Cir. 2024).

Even if Nan's minor son had proper representation, the new allegations confirm that his claims would be subject to dismissal.  Plaintiffs add just a handful of factual allegations regarding Nan's minor son, which only confirm that he would lack standing to challenge UC's undergraduate admissions practices.  The proposed SAC alleges that Nan's minor son is a 16-year-old junior in high school (who has only just registered for the standardized testing that Plaintiffs view as critical to establishing applicants' qualifications for admission, Dkt 36-2 ¶¶ 231, 287) and is at least a year away from applying to college at all, let alone any UC campus, *id.* ¶¶ 23, 285, 287.  These allegations demonstrate that Plaintiffs cannot show Nan's minor son is "able and ready" to apply for undergraduate admission at UC, as required to establish injury-in-fact under Article III.  *Loffman v. California Dep't of Educ.*, 119 F.4th 1147, 1159 (9th Cir. 2024).  Given the wholly speculative nature of any purported injury to Nan's minor son, Plaintiffs could not establish that any such injury would be caused by UC's undergraduate admissions practices or redressable by an order of this Court.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (9th Cir. 1992) (Article III requires that injury "be fairly … trace[able] to the challenged action of the defendant," and that it be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" (internal quotation marks omitted)).

Amendment would therefore prejudice the UC Defendants by adding even more allegations that expose Plaintiffs' claims as futile. As the UC Defendants will demonstrate in their forthcoming motion to dismiss, all of Plaintiffs' claims are subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); the irrelevant new allegations in the proposed SAC do nothing to cure those jurisdictional and pleading defects. The Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso*, 637 F.3d at 1058 (internal quotation marks omitted). Rather than allow Plaintiffs to file serial amendments each time they think of dated facts or legal arguments that they believe will bolster their claims—and, in turn, burden the UC Defendants and the Court with additional motion practice—the Court should exercise its discretion to deny Plaintiffs' Motion for Leave.

## II.  AMENDMENT WOULD BE UNTIMELY

Courts also deny leave to amend when the moving party engages in "undue delay," meaning "delay that prejudices the nonmoving party or imposes unwarranted burdens upon the court." *Fresno Unified*, 980 F. Supp. 2d at 1176. The costs of delay "become prejudicial when the additional costs could easily have been avoided had the proposed amendments been included with the original pleading." *Id.* at 1177. Motions to amend therefore "are not reviewed favorably" when based on facts that "have been known to the party seeking amendment since the inception of the cause of action." *See id.* at 1176 (internal quotation marks omitted). Accordingly, the Ninth Circuit has held that leave to amend should be denied when the movant "has known all of the underlying facts and theories he now wishes to allege since the commencement of the litigation." *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016). The same is true when the movant "*should have known* the facts and theories raised by the amendment" at the time of the original pleading. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (emphasis added); *see also Alston v. County of Sacramento*, 2023 WL 3862715, at *5 (E.D. Cal. June 7, 2023), *report and recommendation adopted*, 2023 WL 4305197 (E.D. Cal. June 30, 2023) ("Plaintiff knew or should have known about the facts underlying this claim when he filed his original complaint. … Under these circumstances, leave to amend . . . should be denied.").

1    The proposed SAC is untimely because the allegedly "new" facts included therein could have been included in the original complaint or the FAC.  In particular, Plaintiffs' supposed "new information" consists entirely of quotes from and citations to publicly available sources that predate the filing of the original complaint in February 2025.  First, the "statements by UC officials" that Plaintiffs say are "newly obtained evidence" in the proposed SAC, Dkt. 36 at 3, are actually from "an online panel discussion in July 2023," as the proposed SAC makes clear, *see* Dkt. 36-2 ¶ 233; *see also id.* ¶¶ 151-152.  These statements were available well over a year before Plaintiffs initiated this suit—and made by law school officials with no connection to undergraduate admissions.  Second, Plaintiffs reference supposed "documents linking the pursuit of the [Hispanic Serving Institution] designation to admissions."  Dkt. 36 at 3.  But these documents consist of "a December 2020 report," Dkt. 36-2 ¶ 157; *see also id.* ¶¶ 158-161, earlier reports dating back to 2015 and 2017 that were "[l]inked [to] from" that same December 2020 report, *id.* ¶ 162, and another "February 2020 memo," *id.*  Each of these documents also predates the filing of the original complaint by many years.  Third, to the extent Plaintiffs are arguing that the Brookings Institution report they now include in the proposed SAC, Dkt. 36-2 ¶ 205 & Ex. 1, is "new information," that report was issued almost a decade before Plaintiffs filed their original complaint, *id.*  Simply put, these proposed additions are not "newly obtained evidence" warranting amendment.

Plaintiffs' untimely request to amend is prejudicial because the burdens it imposes on the UC Defendants and the Court, *see supra* Part I, "could easily have been avoided had the proposed amendments been included within the original pleading," *Fresno Unified*, 980 F. Supp. 2d at 1177.  Courts routinely deny leave to amend under these circumstances, recognizing that amendment would "unfairly impose[] … additional litigation costs" on defendants by requiring them to "scramble" to respond to allegations that should have been brought in the initial complaint.  *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).  In *Jackson v. Bank of Hawaii*, the Ninth Circuit affirmed the denial of leave to amend a complaint where plaintiffs "should have known the facts and theories raised by the amendment," at a minimum, eight months before they moved for leave to amend.  902 F.2d at 1388.  The court held that their "delay in filing an amended complaint" to add this dated information about the defendant's

1  "representations, promises, and nondisclosures" was "inexplicable and unjustified." *Id.*  Here,
2  Plaintiffs should have known about the "newly obtained evidence" they seek to add even earlier
3  than the *Jackson* plaintiffs: well over a year before they filed their original complaint.  Similarly,
4  in *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc.*, the court denied leave to amend
5  because "[t]he facts underlying" the plaintiff's new allegations about its status as an authorized
6  Subaru dealer had "been available to Plaintiff since th[e] litigation began," meaning "Plaintiff
7  should have included [the] allegation in its original complaint or its FAC."  416 F. Supp. 2d 861,
8  871-872 (E.D. Cal. 2004).  Like in *Forty-Niner*, Plaintiffs have no excuse for burdening the UC
9  Defendants and the Court with a new pleading that seeks to supplement their claims with dated
10 information Plaintiffs should have known about well over a year ago.  Leave to amend should be
11 denied on that basis.

## CONCLUSION

13  The UC Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave
14 to File a Second Amended Complaint.  The UC Defendants further believe that this Motion should
15 be denied without a hearing and respectfully request that, pursuant to Local Rule 230(g), the Court
16 take the Motion hearing noticed by Plaintiffs off the calendar and decide the Motion on the papers.

| | | |
|---|---|---|
| 1 | Dated:  September 4, 2025 | WILMER CUTLER PICKERING HALE AND DORR LLP |

By:  */s/ Felicia H. Ellsworth*
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for UC Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2025, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel, and caused the above document to be served by electronic mail on *pro se* party Nan Zhong in accordance with his consent in writing under Federal Rule of Civil Procedure 5(b).

And I further certify that on such date I served the foregoing on the following non-CM/ECF registered participants via U.S. first class mail, postage prepaid addressed as follows:

Stanley Zhong
211 Hope St. #390755
Mountain View, CA 94039

Dated:   September 4, 2025

By:   */s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (MA Bar No. 665232)*
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

**pro hac vice*