1  WILMER CUTLER PICKERING
   HALE AND DORR LLP
2  Debo Adegbile (admitted *pro hac vice*)
   7 World Trade Center
3  250 Greenwich Street
   New York, NY 10007
4  Telephone: 212-295-8800
   debo.adegbile@wilmerhale.com

5  Felicia H. Ellsworth (admitted *pro hac vice*)
   60 State Street
6  Boston, MA 02109
   Telephone: 617-526-6000
7  felicia.ellsworth@wilmerhale.com

8  Joshua A. Vittor (CA Bar No. 326221)
   350 South Grand Avenue
9  Suite 2400
   Los Angeles, CA 90071
10 Telephone: 213-443-5300
   joshua.vittor@wilmerhale.com
11
   *Attorneys for UC Defendants*
12

13    **UNITED STATES DISTRICT COURT**
      **FOR THE EASTERN DISTRICT OF CALIFORNIA**
14

15 | STANLEY ZHONG, et al.,           | Case No. 2:25-cv-00495-DAD-CSK |

16 |           *Plaintiffs*,          | **UC DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |

17 |      v.                          |

18 | THE REGENTS OF THE UNIVERSITY OF | Date:      October 7, 2025 |
   | CALIFORNIA, et al.,              | Time:      10:00 a.m. |

19 |           *Defendants*.          | Place:     Courtroom 25, 8th Floor |
   |                                  | Judge:     Hon. Chi Soo Kim |
20

21

22

23

24

25

26

27

28

1

**INTRODUCTION**

2     The Court should summarily deny Plaintiff's Motion for Sanctions, Dkt. 39, which

3 bypasses the rules that govern discovery disputes and seeks to impose severe discovery sanctions

4 without showing that any spoliation occurred.  Plaintiffs Stanley and Nan Zhong brought this suit

5 alleging that more than 40 defendants associated with the University of California ("UC")

6 discriminated against Stanley[1] after he applied for and was not admitted to undergraduate computer

7 science programs at five UC campuses—UC Berkeley, UC Davis, UC Los Angeles ("UCLA"),

8 UC Santa Barbara, and UC San Diego.  The UC Defendants have not yet responded to the

9 complaint, which Plaintiffs recently moved to amend for the second time.[2]  No Rule 26(f)

10 conference has been held, and no scheduling order has been entered.  But in a Motion that Stanley

11 has not joined, Nan seeks discovery sanctions against the UC Defendants, claiming that data in the

12 possession of a retired UC Riverside professor of comparative language and literature—a school

13 and academic program to which Stanley did not apply—has been erased.  This retired professor is

14 not alleged to have been—and was not—involved in undergraduate admissions, and is wholly

15 irrelevant to Plaintiffs' claims that Stanley was discriminated against by five other UC campuses.

16 The Motion does not meet the basic requirement of Rule 37(e) to establish that the UC Defendants

17 spoiled evidence potentially relevant to this litigation.  In addition to the irrelevance of the retired

18 professor on whose behalf the Motion appears to complain via hearsay statements, the Motion

19 does not establish that any data was lost that cannot be replaced through discovery (should the case

20 proceed to that stage).  Even if such a showing had been made, the Motion does not put forward

21 any information from which this Court could find prejudice.  The Motion should therefore be

22 denied without hearing.

23

24

25

26     [1] To avoid confusion, this Opposition refers to Plaintiff Nan Zhong as "Nan" and Plaintiff
Stanley Zhong as "Stanley."

27     [2] On August 25, 2025, the Court granted the stipulation of Plaintiffs and the UC Defendants
to extend to October 9, 2025, the deadline for UC Defendants to respond to the operative

28 complaint.  Dkt. 38.

1

## BACKGROUND

Plaintiffs filed their original complaint on February 11, 2025, alleging that the undergraduate admissions practices at UC Berkeley, UC Davis, UCLA, UC Santa Barbara, and UC San Diego discriminated against Stanley in violation of state and federal law.  *See* Dkt. 1 ¶¶ 1-3.  Even though the complaint asserted as its basis for relief that Stanley was subjected to allegedly discriminatory undergraduate admissions practices by those five campuses, many of the complaint's allegations focused on issues unrelated to those practices.  For example, the complaint alleged that Perry Link (a retired professor from UC Riverside, where Stanley did not apply) was penalized for "expressing concerns" relating to faculty hiring.  *See id.* ¶ 98.  Plaintiffs repeated this allegation in their First Amended Complaint, Dkt. 30 ¶ 194, alleging more specifically that Professor Link had information related to "the university's faculty hiring practices," *id.* ¶ 195.  These same allegations about Professor Link appear in Plaintiffs' proposed Second Amended Complaint as well.  Dkt. 36-2 ¶¶ 220-221.  There are no allegations in any of the three complaints relating Professor Link to the admissions process at any of the five UC campuses to which Stanley applied.  Indeed, there are no allegations relating Professor Link to admission at *any* UC campus.

On Sunday, August 24, 2025, Nan contacted counsel for the UC Defendants and asserted that, in May 2025, UC allegedly removed Professor Link's computer from his office without consent and "erased its contents."  Dkt. 39 at 5.  Counsel for the UC Defendants responded on Monday, August 25, confirming that counsel would inquire and respond in due course.  *Id.*  The next day, prior to receiving any substantive response, Nan transmitted the Motion to the Court.  *See id.* at 2-3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(e) authorizes the Court to take action "[i]f electronically stored information that should have been preserved … is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  "It is the moving party's burden to demonstrate that spoliation occurred by showing that the non-moving party failed to preserve or destroyed documents that they had notice were relevant to litigation before destruction."  *Tri Tool, Inc. v. Hales*, 2025 WL 347100, at *2 (E.D. Cal. Jan. 30,

2

1    2025).  Only if "such a covered loss of information occurs" must the Court determine whether a

2    sanction is warranted.  *Gregory v. State of Montana*, 118 F.4th 1069, 1078 (9th Cir. 2024).  Under

3    Local Rule 251(b), counsel for the party seeking sanctions must meet and confer with counsel for

4    the opposing party before bringing a motion for discovery sanctions.

5                                                    **ARGUMENT**

6            The Motion is groundless and should be denied without hearing.  First, the Motion is

7    premature, as the Court has not determined that Plaintiffs are entitled to any discovery, and

8    procedurally improper, as Nan did not even attempt to meet and confer with the UC Defendants

9    before filing this Motion, a step that the Local Rules require.  Second, the Motion does not come

10   close to meeting the basic requirement of showing that the UC Defendants destroyed or failed to

11   preserve relevant information that cannot be replaced through additional discovery.  And third,

12   there is no basis for the Court to conclude that any loss of information has resulted in prejudice or

13   that UC Defendants destroyed data with the intent to avoid its discovery.

14   **I.    THE MOTION FOR DISCOVERY SANCTIONS IS PREMATURE AND PROCEDURALLY
            IMPROPER**

15           A motion under Rule 37 is premature if filed before the commencement of discovery.  *See*

16   *Duran v. City of Porterville*, 2013 WL 12430031, at *1-2 (E.D. Cal. Jan. 17, 2013) (denying

17   motion to compel production).  Discovery is "considered premature when the case is still in the

18   pleading stage." *Leszczynski v. Kitchen Cube LLC*, 2024 WL 1684475, at *2 (C.D. Cal. Mar. 14,

19   2024); *accord Hedrington v. United States*, 2024 WL 3889625, at *2 (E.D. Cal. Aug. 20, 2024)

20   (explaining that discovery is premature where resolution of motion to dismiss "will likely define

21   the scope of discovery, if any" and citing cases).  After all, a plaintiff "is not entitled to discovery,

22   cabined or otherwise," *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), if the complaint does not "state

23   a claim to relief that is plausible on its face," *id.* at 678 (internal quotation marks omitted).  The

24   Motion, which seeks discovery sanctions under Rule 37(e), comes too early because discovery has

25   not commenced in this case.  No response to the complaint has yet been filed, no discovery

26   planning conference has been held, and therefore no discovery has been sought.  The procedural

27   posture of the case renders the Motion premature.

28

1      What is more, the motion is procedurally improper.  A pro se litigant "is expected to abide

2  by the rules of the court in which he litigates."  *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th

3  Cir. 1986).  In this Court, the Local Rules impose a "Requirement of Conferring" on any "motion

4  made pursuant to" Federal Rule of Civil Procedure 37.  L.R. 251(b).  Such a motion "shall not be

5  heard unless … the parties have conferred and attempted to resolve their differences."  *Id.*

6  "Counsel for the moving party … shall be responsible for arranging the conference."  *Id.*  A moving

7  party may only file a Rule 37 motion without satisfying this meet and confer requirement if counsel

8  "is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in

9  arranging the required conference," and if counsel "file[s] and serve[s] an affidavit so stating."

10  L.R. 251(d).

11      Nan's Declaration in Support of Motion for Sanctions, Dkt. 39 at 8-10, confirms his failure

12  to abide by Local Rule 251.  He sent an email on a Sunday morning accusing the UC Defendants

13  of spoliation and "demanding an explanation within 48 hours."  Dkt. 39 at 9.  Counsel for the UC

14  Defendants responded the next day, "We are looking into this and will respond when we have

15  more information to share."  *Id.*  Just one day later, however, Nan "sent a follow-up email to

16  Defendant[s'] counsel informing them that [he] would be proceeding with a motion for sanctions."

17  *Id.*  Nan's sworn statements demonstrate that he did not attempt in good faith to meet and confer,

18  as required by Local Rule 251(b).  Had Nan tried to meet and confer with counsel for the UC

19  Defendants, counsel would have been able to explain to Nan why this Motion is groundless,

20  obviating the need to burden the Court with this unnecessary motion.[3]  Meet-and-confer

21  requirements for discovery motions "appl[y] to pro se litigants" and failure to observe them

22  constitutes grounds for denial of the motion.  *Hartline v. National University*, 2018 WL 2298429,

23  at *5 (E.D. Cal. May 21, 2018) (denying motion to compel where it was "clear from the face of

24  plaintiff's motion … that he did not meet and confer with defendant before bringing [the] motion");

25

26      [3] In a good-faith effort to respond to the unfounded accusations of spoliation, and before
27  UC Defendants were served with the instant Motion, counsel for the UC Defendants explained via
   email that, in early May 2025, UC Riverside Information Technology Services had transferred
28  data from a UC computer to Professor Link's personal device, at Professor Link's request.

1    *Beard v. County of Stanislaus*, 2023 WL 1972220, at \*7 (E.D. Cal. Feb. 13, 2023) (denying Rule

2    37 motion "[b]ecause Plaintiffs failed to engage in meet and confer communications in compliance

3    with the Local Rules").  The Motion should therefore be denied.

4    **II.    THE MOTION DOES NOT SHOW THAT RELEVANT INFORMATION WAS DESTROYED**

5            Even if this Court were to consider the merits of the Motion, it fails at the outset because

6    it does not establish that the UC Defendants failed to preserve information that is in any way

7    relevant to Plaintiffs' claims.  A party may only "obtain discovery … that is relevant to any party's

8    claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and,

9    accordingly, a party's "duty to preserve only extends to relevant records," *Legendary Foods, LLC*

10   *v. Simply Good Foods USA, Inc.*, 2025 WL 1720437, at \*4 (C.D. Cal. May 20, 2025).  Under Rule

11   37(e), the "moving party's burden" is therefore "to demonstrate that spoliation occurred by

12   showing" that the opposing party "destroyed documents that they had notice were relevant to

13   litigation before destruction." *Tri Tool*, 2025 WL 347100, at \*2.  This requires a threshold showing

14   that the supposedly lost information was relevant.  The moving party must "establish … that the

15   destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact

16   could find that it would support that claim or defense." *Tate v. Nakashyan*, 2024 WL 4931406, at

17   \*3 (E.D. Cal. Dec. 2, 2024).  That is because parties may "only be penalized for destroying

18   documents if it was wrong to do so," which "requires, at a minimum, some notice that the

19   documents are potentially relevant." *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991);

20   *see also* Fed. R. Civ. P. 37(e), advisory committee's notes to 2015 amendment ("Courts should

21   consider the extent to which a party was on notice that litigation was likely and that the information

22   would be relevant.").  Where the moving party cannot demonstrate the relevance of the lost

23   documents, a Rule 37(e) motion should be denied.  *See Tate*, 2024 WL 4931406, at \*5 (denying

24   sanctions motion where plaintiff's "assertion that [lost information] is 'directly relevant' … is

25   unpersuasive").  The moving party under Rule 37(e) must also establish that the lost information

26   "could not 'be restored or replaced through additional discovery.'" *Gregory*, 118 F.4th at 1078.

27   This required showing reflects the fact that "electronically stored information often exists in

28

UC DEFENDANTS' OPP. TO MOT. FOR SANCTIONS
CASE NO. 2:25-cv-00495-DAD-CSK

1   multiple locations," such that "substitute information can be found elsewhere."  Fed. R. Civ. P.

2   37(e) advisory committee's note to 2015 amendment.

3          The Court should deny the Motion for sanctions because it fails to make the required

4   showing that relevant evidence "actually existed and was destroyed."  *Tate*, 2024 WL 4931406, at

5   *4 (internal quotation marks omitted).  The Motion provides no information other than Nan's

6   assertions that, in May 2025, the UC Defendants erased the contents of retired Professor Link's

7   computer, and that the computer "contained faculty hiring and admissions data that Professor Link

8   had accumulated, which is directly relevant to Plaintiff's claims."  Dkt. 39 at 5.  It does not provide

9   any information about what kind of data Professor Link collected, over what time period the data

10  were collected, or what the data purport to show.  The information the Motion *does* describe at a

11  high level of generality is simply not relevant to Plaintiffs' claims that Stanley was discriminated

12  against when he was denied undergraduate admission to the computer science programs at UC

13  Berkeley, UC Davis, UCLA, UC Santa Barbara, and UC San Diego.  The Motion offers no basis

14  from which a trier of fact could conclude that any data Professor Link "accumulated" would shed

15  light on Plaintiffs' claims in this suit, even if those data related in some way to "admissions."

16  Moreover, any information Professor Link might have compiled related to his concerns about

17  "faculty hiring" is not relevant to Plaintiffs' claims in this litigation.  And the original complaint

18  made clear that Plaintiffs believed Professor Link had information related *only* to faculty hiring

19  (not admissions).  *See* Dkt. 1 ¶ 98 (alleging that Professor Link expressed concerns about faculty

20  hiring).  The allegation in the original complaint in no way suggested that Professor Link was in

21  possession of data (let alone unique or irreplaceable data) relevant to this litigation.  Nan is the

22  party who purports to know what information was lost, as he brings this Motion "[b]ased on [his]

23  communications with Professor Perry Link."  Dkt. 39 at 9.  Yet his Motion falls far short of

24  demonstrating that "a reasonable trier of fact could find that" the lost information "would support

25  [a] claim or defense" in this litigation.  *See Tate*, 2024 WL 4931406, at *3.

26         The Motion also does not establish that the information it claims was lost cannot be

27  replaced by additional discovery.  That is unsurprising given that discovery has not even started.

28  *See supra* Part I.  But in the meantime, the Motion cannot show that any lost information was

6

1    "irreplaceable" simply by asserting, in a conclusory fashion, that it "cannot be restored through

2    other means, as it was unique data stored on that specific machine." Dkt. 39 at 4, 6. As explained,

3    the Motion offers no information about the purportedly lost data other than that it was "on faculty

4    hiring and student admissions" and that Professor Link had "collected" it. *Id.* at 9. These

5    statements do not provide enough information about this data to establish that the same data, if

6    lost, could not be obtained from another source. Indeed, the fact that Professor Link has no

7    apparent involvement with the undergraduate admissions processes at issue in this litigation

8    suggests that any relevant data that might have been on his computer, and that he alleges no longer

9    exists, would be discoverable from another source. Courts routinely deny Rule 37(e) motions

10   when the moving party "offer[s] no evidence" that the data in question "'cannot be restored or

11   replaced.'" *McBride v. Moore*, 2024 WL 1136429, at *3 (C.D. Cal. Feb. 23, 2024); *see, e.g.*,

12   *Logistics Guys Inc. v. Cuevas*, 2025 WL 1017659, at *7 (E.D. Cal. Apr. 4, 2025) (denying

13   sanctions motion in part because "plaintiff has made no showing that the lost information 'cannot

14   be restored or replaced through additional discovery'"); *Chinitz v. Intero Real Estate Servs.*, 2020

15   WL 7389417, at *3 (N.D. Cal. May 13, 2020) (denying sanctions motion based on allegedly

16   spoliated Facebook videos and posts because "there is no evidence in the record that Plaintiff tried

17   to obtain the Facebook Videos and Posts from Facebook directly through additional discovery").

18   This Court should deny the Motion on this basis alone.

19   **III.    THE MOTION DOES NOT SHOW THAT, EVEN IF RELEVANT INFORMATION HAD BEEN**

20   **LOST, SANCTIONS WOULD BE WARRANTED**

21       While the Motion has failed to demonstrate that "all of the conditions that are required to

22   trigger Rule 37(e) were satisfied here," *Gregory*, 118 F.4th at 1078, even if it had done so,

23   sanctions would not be justified.

24       *First*, the Motion does not establish prejudice from the purported loss of information such

25   that Rule 37(e)(1) sanctions would be appropriate. Prejudice exists only when the loss of

26   information "impaired [the] ability to go to trial or threatened to interfere with the rightful decision

27   of the case." *United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600,

28   604 (9th Cir. 1988). The loss of the information the Motion alleges has done neither. As discussed

1    above, the information is not relevant, and "the loss of irrelevant evidence is not prejudicial."

2    *McGhee v. North Am. Bancard, LLC*, 2021 WL 2577159, at *5 (S.D. Cal. June 23, 2021).  The

3    Motion's failure to describe the purportedly lost information in any detail defeats any showing of

4    prejudice.  In *Best Label Co. v. Custom Label & Decal, LLC*, for example, the court held that the

5    plaintiff could not demonstrate prejudice where it did not explain "the nature of the information

6    that is missing and its bearing on the case."  2022 WL 1525301, at *5 (N.D. Cal. May 13, 2022).

7    That is the case here, where Nan is the one who purports to know of information that was deleted

8    but does not describe how that information was important to Plaintiffs' claims.  The decision to

9    bring this Motion long before any discovery in this litigation has begun also precludes any showing

10   of prejudice, as the Motion cannot establish that this information has unique value such that its

11   loss would harm his case.  In *Hernandez v. Tulare County Correction Center*, the court held that

12   the loss of information did not prejudice the plaintiff because the lost data "would not have been

13   helpful" to the plaintiff and because additional discovery could "assist Plaintiff in prosecuting his

14   case."  2018 WL 784287, at *6 (E.D. Cal. Feb. 8, 2018).  Here, like in *Hernandez*, any hypothetical

15   prejudice likely could be obviated by additional discovery if and when the time comes.  Because

16   there is no prejudice, "Rule 37(e)(1) sanctions are inappropriate."  *Id.*

17          Even if the Motion could demonstrate prejudice, the sanctions requested are far more

18   burdensome "than necessary to cure the prejudice," making them inappropriate under Rule

19   37(e)(1).  *See Winecup Gamble, Inc. v. Gordon Ranch LP*, 850 F. App'x 573, 574-575 (9th Cir.

20   2021).  The Motion cannot show that "an order precluding Defendant[s] from offering evidence

21   or argument to contest the facts that the destroyed data would have established," Dkt. 39 at 2, is

22   "no greater than necessary" to cure any prejudice resulting from the loss of the information he

23   describes.  That is because the Motion offers no information about what "the destroyed data would

24   have established," and, as explained, no basis on which to conclude that the lost information could

25   not be replaced by additional discovery.  Nor is the requested "order compelling Defendant[s] to

26   produce the computer's hard drive for forensic analysis at Defendant[s'] expense," Dkt. 39 at 3,

27   proportional to any prejudice that could be established.  Even when "individuals have been

28   identified as persons who may have relevant information"—and Professor Link does not have any

1    relevant information—that does not, without more, justify "wholesale forensic imaging" of their

2    devices.  *See Legendary Foods*, 2025 WL 1720437, at *6.  The Motion's unsupported assertion

3    that Professor Link's computer contained relevant data does not support such a sanction here.

4         *Second*, the Motion comes nowhere close to establishing that severe sanctions under Rule

5    37(e)(2), Dkt. 39 at 2, are warranted here.  Such sanctions may only be imposed if the court finds

6    that the nonmoving party engaged in "the willful destruction of evidence with the purpose of

7    avoiding its discovery by an adverse party." *Gregory*, 118 F.4th at 1080 (internal quotation marks

8    omitted).   Rule 37(e)(2) "purposely" incorporates a "demanding specific-intent standard."

9    *Gregory*, 118 F.4th at 1080.   The Motion's abbreviated account of the alleged document

10   destruction does not satisfy this standard.  *See* Dkt. 39 at 4-6.  Even in the Motion's retelling, there

11   is "no evidence that anyone" from UC reviewed the data on Professor Link's computer "to

12   determine if they supported Plaintiff's allegations or not," and thus no "evidence of an intent to

13   deprive Plaintiff of evidence in this lawsuit." *See Cotton v. Medina*, 2025 WL 1707232, at *10

14   (E.D. Cal. June 18, 2025).

15                                  **CONCLUSION**

16        The UC Defendants respectfully request that the Court deny the Motion for Sanctions, and

17   further believe that this Motion should be denied without a hearing and request that, pursuant to

18   Local Rule 230(g), the Court take the Motion hearing noticed off the calendar and decide the

19   Motion on the papers.

20

21

22

23

24

25

26

27

28

1    Dated:  September 10, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILMER CUTLER PICKERING HALE
AND DORR LLP

By:    */s/ Felicia H. Ellsworth*
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for UC Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel, and caused the above document to be served by electronic mail on *pro se* party Nan Zhong in accordance with his consent in writing under Federal Rule of Civil Procedure 5(b).

And I further certify that on such date I served the foregoing on the following non-CM/ECF registered participants via U.S. first class mail, postage prepaid addressed as follows:


Stanley Zhong

211 Hope St. #390755

Mountain View, CA 94039


Dated:   September 10, 2025


By:    */s/ Felicia H. Ellsworth*
Felicia H. Ellsworth (MA Bar No. 665232)*
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

**pro hac vice*