WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for the UC Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY ZHONG, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>    *Defendants*. | Case No. 2:25-cv-00495-DAD-CSK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UC DEFENDANTS' MOTION TO VACATE DEADLINES PURSUANT TO RULE 16(B)(4)** |

1     NOW COME, Defendants the Regents of the University of California, Michael V. Drake,
2  Katherine S. Newman, Han Mi Yoon-Wu, Robert Penman, Dipak Ghosal, Olufemi Ogundele,
3  Claire J. Tomlin, Lisa Przekop, Divyakant Agrawal, Gary Clark, Todd Millstein, Blia Yang, and
4  Sorin Lerner (collectively, the "UC Defendants") by and through their undersigned counsel,
5  Wilmer Cutler Pickering Hale and Dorr LLP, and for their Motion to Vacate Deadlines Pursuant
6  to Rule 16(b)(4), and state as follows:

7     **I.    PROCEDURAL BACKGROUND**

8     Plaintiffs filed their Complaint on February 11, 2025.  Dkt. 1.  On May 29, 2025, the
9  Court granted the UC Defendants' unopposed request for a 30-day extension of time to respond
10 to the Complaint.  Dkt. 22.  On June 16 and 17, 2025, the UC Defendants met and conferred with
11 Plaintiffs via email regarding the UC Defendants' forthcoming motion to dismiss the Complaint,
12 and Plaintiffs agreed to amend their Complaint prior to the UC Defendants' filing a motion to
13 dismiss the original Complaint.  On July 29, 2025, Plaintiffs filed their First Amended
14 Complaint.  Dkt. 30.

15     On August 21, 2025, Plaintiffs moved for leave to file a second amended complaint
16 ("SAC"), seeking to add a defendant and to include additional allegations to "[c]larif[y]
17 Plaintiffs' standing allegations[.]"  Dkt. 36 at 2, 3.  On September 4, 2025, the UC Defendants
18 opposed the motion for leave to amend, emphasizing that Plaintiffs' proposed amendments only
19 confirmed that Plaintiff Nan Zhong did not have standing to represent his minor son *pro se*.  Dkt.
20 41 at 3.  On September 15, 2025, Plaintiffs withdrew their motion for leave to amend "in light of
21 their retention of counsel."  Dkt. 43 at 1.  Plaintiffs indicated that "any further amendments, if
22 necessary, [would] be filed through counsel . . .".  *Id.* at 2.

23     On October 2, 2025, the parties jointly sought to vacate the deadline for the UC
24 Defendants to respond to the First Amended Complaint.  Dkt. 47.  On October 7, 2025,
25 Magistrate Judge Kim vacated the deadline for the UC Defendants to respond to the First
26 Amended Complaint and directed Plaintiffs to file a status report as to the status of retaining
27 counsel within 30 days.  Dkt. 48.
28

Plaintiffs did not file such a status report, but on November 10, 34 days after Magistrate Judge Kim's order, Plaintiffs filed an Appearance of Counsel.  Dkt. 53.  On November 13, 2025, the Court issued an order setting deadlines for a pretrial scheduling conference for March 23, 2026 and transferring the case back to this Court in light of Plaintiffs' retention of counsel.  Dkt. 55; *see* E.D. Cal. L.R. 302(c)(21).

On November 18, 2025, counsel for the UC Defendants met and conferred with counsel for Plaintiffs.  On December 1, 2025, counsel for the UC Defendants sent Plaintiffs' counsel a proposal with conditions under which they would agree not to oppose a motion for leave to file a further amended complaint.  On December 5, 2025, Attorneys Nacht and Galguera filed Pro Hac Vice applications, Dkts. 57, 58, both of which the Court granted on December 8, 2025.  Dkts. 59-60.

On January 27, 2026, having received no response to the December 1 communication, counsel for the UC Defendants contacted counsel for Plaintiffs and asked whether Plaintiffs intend to pursue this case.  Counsel for the UC Defendants also noted the upcoming February 23 deadline to meet and confer in advance of the status conference.  On February 2, 2026, Plaintiffs' counsel informed counsel for the UC Defendants that Plaintiffs expected to circulate a draft of their proposed amended complaint by February 13, 2026.  Plaintiffs did not circulate a motion for leave to amend or a proposed SAC.

Hearing nothing, on February 25, 2026, counsel for the UC Defendants again contacted Plaintiffs' counsel to inquire whether Plaintiffs intended to proceed with the case.  The same day, counsel for Plaintiffs responded to indicate that they would file by early the week of March 2, 2026.  Counsel for the UC Defendants promptly responded inquiring what Plaintiffs planned to file and offering to review any proposed SAC to provide the UC Defendants' position on a motion for leave to amend.  The UC Defendants again reminded Plaintiffs of their December 1, 2025 proposal.  That same day, Plaintiffs' counsel indicated they intended to proceed with a motion for leave to amend, again failing to engage with the UC Defendants' December 1, 2025 proposal, and did not provide any additional information regarding the forthcoming motion for leave to amend or the proposed amended complaint.

1  On March 2, 2026, counsel for the UC Defendants reminded Plaintiffs' counsel via email of the Court's March 9, 2026 deadline for the parties to submit a joint case management and Rule 26(f) report, as well as the March 23, 2026 status conference.  Given the passage of time (more than one year since the initial complaint was filed and nearly four months since counsel entered an appearance on behalf of Plaintiffs) and Plaintiffs' apparent intention to file a motion for leave to amend the complaint, the UC Defendants requested that Plaintiffs draft a joint stipulation to vacate those deadlines.  Plaintiffs did not respond.

Hearing nothing, on March 5, 2026, counsel for the UC Defendants informed Plaintiffs' counsel that they would ask the Court to vacate the deadline for the parties to submit a joint case management and Rule 26(f) report and the March 23, 2026 status conference.  Counsel for the UC Defendants further informed Plaintiffs that they planned to file a motion to dismiss the case under Federal Rule of Civil Procedure 41(b).  Counsel for Plaintiffs stated that they expected to file on March 6, 2026, but again failed to respond to the UC Defendants' request for a joint stipulation to vacate the deadlines.

On March 6, 2026, Plaintiffs filed their Motion for Leave to Amend and a proposed Second Amended Complaint.  Dkt. 61.  The UC Defendants will respond to that motion by the March 20, 2026 deadline.  In the meantime, due to Plaintiffs' failure to advance the case, the UC Defendants submit this motion to vacate the deadlines set by this Court's November 13 order.  Dkt. 55.

**II.     ARGUMENT**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This good cause standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify a deadline "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*

The UC Defendants respectfully request that the Court vacate all deadlines pending its ruling on Plaintiffs' motion for leave to file a Second Amended Complaint and, if necessary, the

UC Defendants' motion to dismiss the Second Amended Complaint. Plaintiffs initially filed this case over a year ago and still do not have an operative pleading on file, despite Plaintiffs' obtaining counsel nearly four months ago. Due to Plaintiffs failure to advance their own case, the deadlines set by the Court are no longer workable.

During this period, the UC Defendants have acted diligently to move the case forward and to comply with the Court's deadlines. The UC Defendants have made at least six good-faith attempts to confer with Plaintiffs regarding their anticipated motion to amend the complaint and the associated impact on case management deadlines. Plaintiffs have not engaged with those requests.

In light of Plaintiffs' repeated assurances of a forthcoming filing, the UC Defendants afforded Plaintiffs substantial latitude in an effort to avoid unnecessary motion practice. But Plaintiffs' inaction and lack of communication have made it impossible for the UC Defendants to meet the Court's March 9 deadline to submit a joint case management statement a Rule 26(f) report. This Motion is, therefore, being filed at the earliest practicable opportunity.

Under these circumstances—where the UC Defendants have acted diligently, sought relief promptly, and are procedurally unable to obtain a hearing before the deadline passes—modification of these deadlines is warranted. *Johnson*, 975 F.2d at 609.

### III.    CONCLUSION

Despite the UC Defendants' diligence, the Court's March 9, 2026 deadline for the parties to file a joint status report cannot reasonably be met and there is good cause to vacate the March 23, 2026 status conference. Accordingly, the UC Defendants respectfully request the Court vacate these deadlines until a time after a motion to dismiss has been decided.

Respectfully submitted,

Dated:  March 9, 2026

WILMER CUTLER PICKERING
HALE AND DORR LLP

By:   /s/ Felicia H. Ellsworth
Felicia H. Ellsworth

(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for the UC Defendants*