WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for the UC Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY ZHONG, et al., | Case No. 2:25-cv-00495-DAD-CSK |
| *Plaintiffs*, | **UC DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| *Defendants*. | |

**INTRODUCTION**

Stanley Zhong and his father, Nan Zhong, brought this suit originally on February 11, 2025, after Stanley[1] applied and was not admitted to undergraduate programs at five University of California ("UC") campuses—UC Berkeley, UC Davis, UC Los Angeles ("UCLA"), UC Santa Barbara, and UC San Diego. *See generally* Dkt. 1. Over the last year, the Zhongs have filed two voluminous complaints and withdrawn a proposed third. *See* Dkt. 43. The Zhongs now seek permission for a fourth attempt. *See* Dkts. 1, 30, 61.

After many months of delay, and while avoiding UC's attempts to meet and confer in good faith, the Zhongs propose a Second Amended Complaint, Dkt. 61, that collects a variety of irrelevant and conclusory allegations against 40 defendants associated with UC. Dkt. 61-1. These include all of the current and many former UC Regents, the former and current UC Presidents, the UC Provost and Executive Vice President of Academic Affairs, the UC Associate Vice Provost and Executive Director of Systemwide Undergraduate Admissions as well as the Chancellors, admissions directors, and computer science department chairs at each of the campuses to which Stanley applied.[2] The Zhongs make no effort to plausibly plead that all of these defendants played a material role in the undergraduate admissions decisions they challenge. Nor do the allegations in the proposed Second Amended Complaint bring the Zhongs any closer to stating plausible claims than their three prior attempts did. Instead, the Zhongs' proposed Second Amended Complaint is filled with years-old information unrelated to the admissions processes under which Stanley's applications were reviewed, including extensive and irrelevant material concerning faculty hiring, graduate school admissions practices, and statistics about university admissions practices entirely unrelated to the UC system.

---

[1] To avoid confusion, this Opposition refers to Plaintiff Nan Zhong as "Nan" and Plaintiff Stanley Zhong as "Stanley."

[2] As named in the operative complaint, the "UC Defendants" are (1) the Regents of UC; (2) fifteen individual Regents; (3) four former individual Regents; (4) UC President James B. Milliken; (5) former UC President Michael V. Drake; (6) UC Provost Katherine S. Newman; (7) UC Associate Vice Provost Han Mi Yoon-Wu; (8) four UC Chancellors and two former UC Chancellors; (9) the Directors of Undergraduate Admissions at the five campuses to which Stanley applied; and (10) the Computer Science Department Chairs at those five campuses. Dkt. 30.

The Court should deny leave to amend.  First, allowing the Zhongs leave to amend would be prejudicial to UC Defendants.  Rather than provide a short and plain statement of their claims consistent with Rule 8, the proposed Second Amended Complaint adds irrelevant defendants in a disjointed pleading that continues to obscure the Zhongs' asserted claims.  Amendment would require the UC Defendants and the Court to expend even more time and resources sifting through yet another iteration of irrelevant allegations and legal conclusions and preparing defenses on behalf of individuals who are in no way connected to the Zhongs' underlying claims.  Moreover, the Zhongs' unexplained four-month delay in filing a proposed Second Amended Complaint, containing facts the Zhongs could have included in prior complaints, renders the amendment untimely.  Finally, the Zhongs' failure to meet and confer in advance of filing the Motion only provides additional grounds to deny the Motion.  Accordingly, this Court should deny the Motion for Leave to File Second Amended Complaint.

## BACKGROUND

The Zhongs filed their original complaint on February 11, 2025, naming the UC Regents, who are not involved in the admissions decisions; the five UC campuses to which Stanley applied; and fourteen individuals associated with UC.  Dkt. 1.[3]  Many of the complaint's allegations were devoted to issues far afield of the allegedly discriminatory undergraduate admissions practices that purportedly affected Stanley, such as faculty hiring, *see* Dkt. 1 ¶¶ 92, 95-100; graduate admissions, *id.* ¶¶ 102-104; and alleged discrimination carried out by institutions other than UC, *id.* ¶¶ 76-84.  The Zhongs' complaint offered no explanation for how the individual defendants played any role in the admissions process they challenged; in fact, the body of the complaint mentioned almost none of the individuals named in its caption, devoting inordinate space (as well as an exhibit) to statements by the dean of a law school to which

---

[3] The original complaint also purported to sue on behalf of Students Who Oppose Racial Discrimination ("SWORD"), a voluntary membership organization that advocates against discrimination in college admissions. *See id.*  On May 21, 2025, the Zhongs voluntarily dismissed SWORD as a plaintiff.  Dkt. 18 ¶¶ 7, 4.  The original complaint, and all subsequent amended or proposed amended complaints, have also named the Department of Education as a defendant.

Stanley did not apply.  *See id.* ¶¶ 92-97, 190.  The Zhongs also appended 78 exhibits, largely fragments of news articles or website screenshots.  *See generally id.*

On June 16 and 17, 2025, the UC Defendants met and conferred with the Zhongs regarding the UC Defendants' forthcoming motion to dismiss the Complaint, and the Zhongs agreed to amend their complaint prior to the UC Defendants' filing a motion to dismiss.  On July 29, 2025, the Zhongs filed their First Amended Complaint ("FAC"), which was nearly double the length of the original complaint.  Dkt. 30.  This is the currently operative complaint in the case.  The FAC named 24 new defendants associated with UC (including each of the individual Regents and the Chancellors of six UC campuses), bringing the total to more than 40 UC-affiliated defendants.  *See id.*  All but two of the individual UC Defendants were sued not only in their official capacities, but also in their personal capacities, dragging individuals with no connection to Stanley's admissions outcomes into federal litigation.  *See id.*

On August 21, 2025, the Zhongs moved for leave to file a second amended complaint (the "first proposed SAC"), seeking to add a defendant and to include additional allegations to "[c]larif[y] [their] standing allegations[.]"  Dkt. 36 at 2, 3.  On September 4, 2025, the UC Defendants opposed the motion for leave to amend.  Dkt. 41 at 3.  On September 15, 2025, the Zhongs withdrew their motion for leave to amend "in light of their retention of counsel."  Dkt. 43 at 1.  The Zhongs indicated that "any further amendments, if necessary, [would] be filed through counsel . . .."  *Id.* at 2.

On October 2, 2025, the parties jointly sought to vacate the deadline for the UC Defendants to respond to the FAC.  Dkt. 47.  On October 7, 2025, the Court vacated the deadline for the UC Defendants to respond to the FAC and directed the Zhongs to file a status report as to the status of retaining counsel within 30 days.  Dkt. 48.

After 34 days had passed, on November 10, the Zhongs filed an appearance of counsel.  Dkt. 53.  On November 13, 2025, the Court issued an order setting deadlines for a pretrial scheduling conference for March 23, 2026, and transferring the case from the Magistrate Judge back to this Court in light of the Zhongs' retention of counsel.  Dkt. 55; *see* E.D. Cal. L.R. 302(c)(21).

On November 18, 2025, the parties met and conferred regarding the status of the case. On December 1, 2025, the UC Defendants sent the Zhongs a proposal with conditions under which UC would stipulate to leave to amend the complaint again. The Zhongs did not respond. On January 27, 2026, the UC Defendants asked whether the Zhongs intended to pursue this case. On February 2, 2026, the Zhongs informed the UC Defendants that they expected to circulate a draft of their proposed Second Amended Complaint by February 13, 2026. They did not do so.

On February 25, 2026, the UC Defendants contacted the Zhongs to inquire, again, whether they intended to proceed with the case. The same day, the Zhongs responded that they would file by early the week of March 2, 2026. The UC Defendants promptly asked the Zhongs what they planned to file and offered to review any proposed Second Amended Complaint to provide the UC Defendants' position on a motion for leave to amend. That same day, the Zhongs responded merely that they intended to proceed with a motion for leave to amend.

The Zhongs did not file the motion for leave to amend on their projected date. On March 5, 2026, the UC Defendants informed the Zhongs that they planned to file a motion to dismiss the case under Federal Rule of Civil Procedure 41(b). On March 6, 2026, without conferring with the UC Defendants regarding the proposed amendments, the Zhongs filed the instant Motion, attaching the proposed Second Amended Complaint. Dkt. 61.

By this Motion, the Zhongs seek to amend their pleadings for a third time.[4] Although the Zhongs' proposed Second Amended Complaint drops certain defendants and some UC campuses (Davis, Berkeley, Santa Barbara, UCLA, and San Diego, among others), it now includes former UC Regents Richard Blum, Howard Guber, John Perez, and Richard Sherman in their personal capacities, as well as UC President James B. Milliken in his official capacity, none of whom played any cognizable role in admissions decisions. Dkt. 61-1. While the Zhongs have removed a handful of the plainly improper defendants, they are now attempting to load the case with 40 UC-related individual defendants. And yet the proposed Second Amended Complaint contributes nothing new of substance. It identifies no new allegedly discriminatory admissions

---

[4] Given the Zhongs' earlier attempt to file their first proposed SAC, Dkt. 36, this is the Zhongs' third time seeking leave to amend.

decisions, alleges no new concrete conduct, and supplies no new evidence. The proposed Second Amended Complaint is nothing more than a repackaging of the FAC's defective allegations, with its speculative injury and flawed standing theories, without defendant-specific allegations, that re-attributes the same conclusory assertions to a still hopelessly overbroad group of UC-related defendants. Given the Zhongs' unexplained four-month delay, far more was required than a modest reshuffling of defendants and a recycled factual narrative—particularly where the delay has already prejudiced the UC Defendants and leaves the FAC's core defects untouched.

## ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff who has previously amended a complaint as of right "may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). The Court may deny leave to amend "where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." *Lockman Found. v. Evangelical All. Mission*, 930 F.2d 764, 772 (9th Cir. 1991) (internal quotation marks omitted). "Prejudice to the opposing party must be given the greatest weight." *Fresno Unified Sch. Dist. v. K.U. ex. Rel. A.D.U.*, 980 F. Supp. 2d 1160, 1175 (E.D. Cal. 2013) (citation omitted). A prolix pleading that violates Rule 8's requirement of a "short and plain statement of the claim" prejudices the opposing party. *See Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-1059 (9th Cir. 2011). Additionally, the Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Cafasso*, 637 F.3d at 1058 (internal quotation marks omitted).

The proposed SAC attempts to add multiple improper and irrelevant defendants, makes a series of irrelevant factual allegations, and asserts legal conclusions. It also presents old facts—that the Zhongs knew or reasonably should have known when they filed their previous pleadings—as new. These defects render amendment both prejudicial to the UC Defendants and untimely. The Court should deny leave to amend.

## I.   AMENDMENT WOULD BE PREJUDICIAL TO THE UC DEFENDANTS

Courts deny requests to amend pleadings where an amendment is prejudicial to the opposing party because it "would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Fresno Unified*, 980 F. Supp. 2d at 1177. Allowing further amendment here would do both.

The proposed amendments are prejudicial because they add more allegations that are wholly unrelated to the Zhongs' claims regarding Stanley's admissions outcomes.  Proposed amendments that are "argumentative, prolix, replete with redundancy, and largely irrelevant," can "impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996).  Leave to amend should be denied where plaintiffs "burden [their] adversary with the onerous task of combing through" a pleading loaded with irrelevant allegations "just to ... determine what claims and allegations must be defended or otherwise litigated." *Cafasso*, 637 F.3d at 1059.  Such complaints run afoul of Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." *See id.* at 1058-1059; *accord Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (complaint violates Rule 8 "by scattering and concealing in a morass of irrelevancies the few allegations that matter." (internal citation omitted)).  A proposed amendment that violates Rule 8 "prejudices the opposing party and may show bad faith of the movant, both valid grounds to deny leave to amend." *Cafasso*, 637 F.3d at 1058-1059.  That is precisely the effect of the proposed SAC.  It comes no closer to setting forth with "simplicity, conciseness and clarity ... whom plaintiffs are suing for what wrongs," as required by Rule 8. *McHenry*, 84 F.3d at 1180.  Instead, the proposed Second Amended Complaint perpetuates—and compounds—the pleading defects of earlier iterations.

*First*, the proposed Second Amended Complaint would add six new defendants who, with one exception (Refugia Acosta, Executive Director of Admissions at UC Santa Barbara in her official capacity), have no discernible involvement in undergraduate admissions: former UC Regents Richard Blum, Howard Guber, John Perez, and Richard Sherman in their personal capacities, and current UC President James Milliken. Dkt. 61-1 ¶ 14.  There are not—nor could

there be—any concrete allegations to establish that former Regents (or any Regents) were involved in admissions decisions.  Former Regent Richard Blum died on February 27, 2022.  And current UC President James Milliken was not in office when Stanley applied and has no connection to the admissions decisions at issue.

The proposed Second Amended Complaint also includes irrelevant allegations concerning individuals who are not named as defendants, and who have no connection to undergraduate admissions, including previously dismissed defendant UC Berkeley Law Dean Erwin Chemerinsky, *see id.* ¶¶ 93-95, 125, and Dean of UCLA Medical School Jennifer Lucero, *see id.* ¶¶ 152-154 (there are no allegations that Stanley, Nan, or Nan's Minor Son (on whose behalf Nan asserts standing) have applied, plan to apply, or would even be eligible to apply to law school or medical school).

In short, the Zhongs have padded the proposed complaint with yet more defendants who have no connection to Stanley's admissions decisions and irrelevant allegations about non-defendants who have nothing to do with admissions.  Leave to amend is not warranted because the proposed allegations "would only add irrelevant and unrelated defendants and irredeemably defective claims." *Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1254 (N.D. Cal. 2014) (denying motion for leave to file second amended complaint).  As in *Washington,* the defendants that the Zhongs seek to add—former UC Regents, including one deceased individual, and the President of UC—are "wholly unrelated to the . . . claims alleged in this action," related to undergraduate admissions.  *Id.*  Amendment would therefore "prejudice both existing and proposed new" UC Defendants, as well as the Court, *id.*, all of whom must expend time and resources to further untangle the proposed Second Amended Complaint in an attempt to distill what legal claims the Zhongs are attempting to assert, against which defendants, and on what grounds.

*Second*, the proposed SAC is not a short and plain statement of facts demonstrating the Zhongs' entitlement to relief.  Rather, it is an expanded statement of conclusory allegations that renders the Zhongs' claims subject to dismissal.  Amendments are improper where they add allegations that "fail to state any facts that would survive a future motion to dismiss."

*Washington*, 75 F. Supp. 3d at 1254.  One example deficiency, among others: Nan's Minor Son lacks standing to challenge UC's undergraduate admissions practices.  The proposed Second Amended Complaint alleges only that Nan's Minor Son "intends to apply to UC," *see* Dkt. 61 ¶ 12, which is insufficient for injury-in-fact under Article III, a standard which requires applicants to be "able and ready" to apply.  *Loffman v. California Dep't of Educ.*, 119 F.4th 1147, 1159 (9th Cir. 2024).  Given the wholly speculative nature of any purported injury to Nan's Minor Son, the Zhongs could not establish that any such injury would be caused by UC's undergraduate admissions practices or redressable by an order of this Court.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (9th Cir. 1992) (Article III requires that injury "be fairly … trace[able] to the challenged action of the defendant," and that it be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision" (internal quotation marks omitted)).

Amendment would therefore prejudice the UC Defendants by adding even more allegations that expose the Zhongs' claims as futile.  As the UC Defendants will demonstrate in their forthcoming motion to dismiss (either the FAC or, if leave to amend is granted, the Second Amended Complaint), all of the Zhongs' claims are subject to dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); the irrelevant new allegations in the proposed Second Amended Complaint do nothing to cure those jurisdictional and pleading defects.  Rather than allow the Zhongs to file serial amendments each time they think of dated facts or legal arguments that they believe will bolster their claims—and, in turn, burden the UC Defendants and the Court with additional motion practice—the Court should deny the Zhongs' Motion.

## II.   THE ZHONGS HAVE PREJUDICIALLY DELAYED SEEKING AMENDMENT

Courts routinely deny leave to amend where the moving party engages in "undue delay," meaning "delay that prejudices the nonmoving party or imposes unwarranted burdens on the court."  *Fresno United*, 981 F. Supp. 2d at 1176.  Delay becomes prejudicial when the resulting costs "could easily have been avoided had the proposed amendments been included with the original pleading."  *Id.* at 1177.  Motions to amend are therefore "not reviewed favorably" when based on facts known to the movant "since the inception of the cause of action."  *Id.* at 1176 (internal quotation marks omitted).  Consistent with this principle, the Ninth Circuit has made

clear that leave to amend should be denied where a plaintiff "has known all of the underlying facts and theories he now wishes to allege since the commencement of the litigation," *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (internal quotation marks omitted), or "should have known the facts and theories raised by the amendment" at the time of the original pleading. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Courts applying this standard, including in this District, routinely deny leave to amend under such circumstances.  *See Alston v. Cnty. of Sacramento*, 2023 WL 3862715, at \*5 (E.D. Cal. June 7, 2023), *report and recommendation adopted*, 2023 WL 4305197 (E.D. Cal. June 30, 2023) (denying leave to amend in part where the plaintiff "knew or should have known about the facts" he sought to add).  This rule reflects the commonsense concern that belated amendment unfairly burdens defendants by forcing them to respond to allegations that should have been raised earlier.  *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

The Zhongs have been dilatory.  Their proposed amendments are based on facts that "have been known" to the Zhongs "since the inception of the original pleading" and, therefore, could have been included in the original complaint or the FAC.  *See Fresno Unified*, 981 F. Supp. 2d at 1176.  For example, the Zhongs propose new allegations about a June 2020 memorandum from the Office of the President of the University of California, Dkt. 61 ¶¶ 61-88, a December 2020 report from UC Berkeley Chancellor Carol Christ, *id.* ¶¶ 85-89, and a UCLA December 2020 initiative, *id.* ¶ 90, information that has been publicly accessible for over five years.  The Zhongs also seek to include additional allegations about UC Berkeley Law Dean Erwin Chemerinsky from 2022 and 2023, *id.* ¶¶ 93-95, information that has also long been publicly available (and despite dropping him as a defendant from the First Amended Complaint).  Further, the Zhongs cite various reports and statements from UC campuses regarding efforts to become Hispanic Serving Institutions, including a UC Berkeley report published almost a decade ago.  *Id.* ¶ 89.  None of these allegations is based on newly discovered facts.  To the contrary, the Zhongs rely on longstanding public materials—including university memoranda, administrative reports, and publicly issued statements regarding admissions policies and institutional goals— that were available well before the Zhongs filed their original complaint.  *Id.* ¶¶ 85-91.  Because

these materials were publicly accessible and equally available to the Zhongs at the outset of this litigation, the Zhongs could—and should—have included these allegations in their initial pleading. Their failure to do so underscores that the proposed amendments reflect delay, not newly uncovered information.

The Zhongs' dilatory request to amend is prejudicial because the burdens it imposes on the UC Defendants and the Court "could easily have been avoided had the proposed amendments been included within the original pleading." *Fresno Unified*, 980 F. Supp. 2d at 1177. Courts typically deny leave to amend in these circumstances, rather than "unfairly impose[] … additional litigation costs" on defendants. *Amerisource Bergen Corp.*, 465 F.3d at 953 (9th Cir. 2006). In *Jackson v. Bank of Hawaii*, the Ninth Circuit affirmed the denial of leave to amend a complaint where the plaintiffs "should have known the facts and theories raised by the amendment," at a minimum, seven months before they moved for leave to amend. 902 F.2d at 1388. The court held that their "delay in filing an amended complaint" to add this dated information about the defendant's "representations, promises, and nondisclosures" was "inexplicable and unjustified." *Id*.

The Zhongs should have known about the "newly obtained evidence" they seek to add even earlier than the *Jackson* plaintiffs: years before they filed their original complaint. Similarly, in *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc*., the court denied leave to amend because "[t]he facts underlying" the plaintiff's new allegations had "been available to Plaintiff since th[e] litigation began," meaning "Plaintiff should have included [the] allegation in its original complaint or its FAC." 416 F. Supp. 2d 861, 871-872 (E.D. Cal. 2004). As in *Forty-Niner*, the Zhongs have no excuse for burdening the UC Defendants and the Court with a new pleading that seeks to supplement their claims with dated information that was available to them well over a year ago. Leave to amend should be denied on that basis.

## III.    THE ZHONGS FAILED TO MEET AND CONFER

Courts maintain the discretion to deny motions when parties fail to comply with court's local rules or standing orders, including meet and confer mandates. *Pacific Receivables, LLC v. T-E Green House Supply, LLC*, 2023 WL 4534146, at *1 (E.D. Cal. July 13, 2023); *see also*

10     UC DEFENDANTS' OPP. TO MOT. FOR LEAVE
CASE NO. 2:25-cv-00495-DAD-CSK

*Mike's Novelties, Inc. v. PIC Enterprises, Inc.*, 2024 WL 1855719, at *3 (E.D. Cal. Apr. 26, 2024), *report and recommendation adopted*, 2024 WL 2153615 (E.D. Cal. May 14, 2024) (denying motion for failure to meet and confer).

The Local Rules for the Eastern District of California mandate that "[c]ounsel for the moving party shall confer in good faith with counsel for the opposing party in an effort to resolve the dispute without court action." E.D. Cal. L.R. 251(c). This Court's Standing Order in Civil Cases (the "Standing Order") similarly requires that "[p]rior to filing a motion," "counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution." Standing Civil Order at I(C). Under Local Rule 110, "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court," including denying a motion. E.D. Cal. L.R. 110.

The Zhongs' failure to meet and confer supplies an additional reason to deny the Motion. The Zhongs failed to comply with the requirement to meet and confer, as evidenced by the UC Defendants' repeated requests for clarification as to the Zhongs' intentions. The UC Defendants were unable to confirm whether the Zhongs intended to pursue the action at all, let alone what specific amendments they planned to propose. *Id.* Instead, the Zhongs unilaterally filed their Motion on March 6, 2026, without ever supplying Defendants with the requested information regarding their proposed amendments, let alone meeting and conferring about them. *Id.*; *see also* Dkt. 61. While the Zhongs indicated the parties "shouldn't waste time" conferring about their proposed amendments, a meet and confer would have saved time and resources for the parties and the Court. This is a separate, additional basis for this Court to deny the Zhongs' Motion.

## CONCLUSION

For the reasons explained herein, the UC Defendants respectfully request that the Court deny the Zhongs' Motion.

Dated:  March 20, 2026

WILMER CUTLER PICKERING HALE
AND DORR LLP

By: /s/ Felicia Ellsworth
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Felicia H. Ellsworth (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
felicia.ellsworth@wilmerhale.com

Debo Adegbile (admitted *pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800
debo.adegbile@wilmerhale.com

Joshua A. Vittor (CA Bar No. 326221)
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300
joshua.vittor@wilmerhale.com

*Attorneys for the UC Defendants*