HKM Employment Attorneys LLP
Shemia Fagan SBA No. 362846
540 Howard Street
San Francisco, CA 94105
(503) 334-0695
sfagan@hkm.com

NACHTLAW, P.C.
David A. Nacht (PHV)
Fabiola A. Galguera (PHV)
501 Avis Dr, Ste. 3
Ann Arbor, MI 48108
(734) 663-7550
dnacht@nachtlaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY ZHONG and NAN ZHONG, on behalf of his MINOR SON,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.  2:25-cv-00495-DAD-CSK<br><br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

## I.    INTRODUCTION

UC Defendants' Opposition (Dkt. 65) does not present a serious basis to deny leave. This litigation remains at the pleadings stage. Defendants have filed no motion to dismiss any complaint, no discovery has begun, and no scheduling deadline has been violated. Under Federal Rule of Civil Procedure 15(a)(2), leave should be "freely give[n] when justice so requires," and the Ninth Circuit applies that policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). As the Ninth Circuit has emphasized, prejudice is the "touchstone" of the inquiry. Id. at 1052. When a case remains at the pleadings stage and defendants identify no bad

faith and no legal prejudice, amendment should be allowed so the case can be decided on the merits.

Defendants instead rely on speculative burden, an overstated delay narrative, and premature merits objections better suited to Rule 12 motion practice. Their opposition is also internally inconsistent. Defendants claim that the proposed Second Amended Complaint ("SAC"), Dkt. 61-1, "supplies no new evidence," yet simultaneously fault it for presenting "old facts … as new." Those positions cannot both be true.

Defendants' complaint that the proposed SAC is "prolix" is especially misplaced where the proposed SAC is substantially shorter than the current 118-page operative First Amended Complaint ("FAC"), Dkt. 30, and therefore narrows, rather than expands, the pleading burden.

Nor is there any basis to suggest ambush: Plaintiffs' counsel exchanged emails with UC's counsel before filing the motion, giving Defendants advance notice that Plaintiffs intended to seek leave to amend.

The reality is straightforward. The proposed SAC adds and refines factual allegations that became known to Plaintiffs as legally significant and usable through counsel's investigation after counsel appeared in November 2025, although some concern past events. Defendants themselves acknowledge counsel appeared on November 10, 2025. The amendment standard exists to permit precisely this kind of refinement. The motion should be granted.

## II.   LEGAL STANDARD

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." The Supreme Court has instructed that leave should be freely granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit applies that rule with "extreme liberality." Eminence Capital, 316 F.3d at 1051. Courts consider bad faith, undue delay, prejudice, futility, and prior amendments, with prejudice carrying the greatest weight. Id. at 1052; *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1175 (E.D. Cal. 2013).

## III.   ARGUMENT

Because this case is still at the threshold stage, Defendants bear a heavy burden to show actual prejudice or clear futility. They do neither.

## A. Defendants Cannot Show Prejudice

Defendants fail to show prejudice, the most important factor in the amendment analysis. This case remains at the threshold stage: Defendants have filed no motion to dismiss any complaint, no answer, and no dispositive motion; discovery has not begun; and no deadline was violated in seeking leave. Defendants themselves acknowledge that the Court vacated their deadline to respond to the FAC and later set only pretrial scheduling deadlines. In this early posture, Defendants cannot plausibly claim legal prejudice from allowing the operative pleading to be updated.

Nor can Defendants credibly claim unfair surprise. UC has had ample notice of the broad theory of this case since at least the FAC: Plaintiffs challenge UC's allegedly race-based admissions practices, related policymaking, and resulting injury to Stanley Zhong and Minor Son. The proposed SAC refines and narrows that same theory; it does not ambush Defendants with a fundamentally new case.

Defendants instead recast "prejudice" as the burden of responding to a complaint they dislike. That is not the kind of prejudice that justifies denying leave. Their objections to length, number of defendants, relevance, and Rule 8 are merits arguments for Rule 12 motion practice, not grounds to deny amendment. If Defendants believe the proposed SAC is overinclusive, insufficiently defendant-specific, or otherwise defective, they may test those arguments after amendment is allowed. They cannot convert anticipated motion practice into "prejudice."

Their Rule 8 argument is especially difficult to reconcile with the pleadings as they actually exist. The current operative FAC is 118 pages, while the proposed SAC is 56 pages. If Defendants truly believe the shorter SAC is "prolix," they never explain why keeping the much longer FAC as the operative complaint would be the more efficient or less burdensome course.

UC Defendants cite Rule 8's requirement of a "short and plain statement," but Rule 8 does not forbid detailed pleadings in complex civil rights litigation. Plaintiffs' factual detail is not

surplusage; it is essential to satisfy Twombly/Iqbal plausibility standards. Indeed, the complaint in *SFFA v. Harvard* spanned 120 pages. This case is more complex in at least two respects: Plaintiffs also challenge the constitutionality of the federal HSI program and name the U.S. Department of Education as a co-defendant, and unlike Harvard, UC denies using race in admissions, which requires Plaintiffs to plead more circumstantial facts bearing on intent and plausibility under Arlington Heights and related standards.

In short, UC Defendants cannot show concrete prejudice—such as lost evidence, inability to respond, duplicated discovery, or disruption of an existing case schedule—because none exists. At most, they object to having to answer a complaint with more developed factual allegations. That is not undue prejudice under the Ninth Circuit's liberal amendment standard.

**B. Defendants' Delay Narrative Is Incomplete and Misleading**

Defendants describe a "four-month delay" and contend that the proposed SAC should have been filed earlier. That framing omits important context.

First, Defendants themselves obtained procedural extensions and jointly requested vacatur of the deadline to respond to the FAC. They cannot fairly benefit from pauses in the case and then recast the resulting timeline as Plaintiff-caused delay.

Second, counsel appeared on November 10, 2025. The timeline that followed was not "unexplained." The transition to counsel coincided with a significant personal hardship for Plaintiff Nan Zhong: on the day counsel appeared, his father passed away, requiring overseas travel for funeral rites until late November. Further, undersigned counsel underwent complete right hip replacement surgery on December 24, 2025, was out of the office recovering during the entirety of January and was only able to perform a reduced workload in February. These circumstances further undermine any suggestion of bad faith or dilatory motive.

Nor was the proposed SAC a cosmetic reshuffling of prior allegations. It reflects counsel-guided investigation, legal analysis, and refinement of claims in a complex institutional discrimination case spanning multiple campuses and multiple policymaking levels. The fact that

some underlying events occurred earlier does not mean Plaintiffs previously knew of them in a form that was sufficiently complete, legally significant, and properly citable for pleading purposes. The relevant question is not when an event occurred, but when Plaintiffs, with counsel's assistance, developed a sufficient factual basis to plead it responsibly.

Defendants also overstate their complaint about pre-filing communication. Plaintiffs' counsel did exchange emails with UC's counsel before filing the motion for leave to amend. That correspondence gave UC advance notice of Plaintiffs' intent to amend and defeats any suggestion of bad faith or ambush.

Third, Defendants' own opposition confirms why amendment now is the most efficient course. They threatened a Rule 41(b) motion on March 5, 2026, and Plaintiffs filed the amendment motion the very next day. That is not abandonment; it is diligence in moving the case forward on the merits.

In any event, delay alone is not enough. The Ninth Circuit has long held that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). What matters is bad faith, prejudice, or both. Here, Plaintiffs acted in good faith, before discovery, and before any dispositive motion was filed. Likewise, in *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), the Ninth Circuit reversed denial of leave to amend at the discovery stage, reiterating that amendments should generally be allowed absent a showing of prejudice. That principle applies with even greater force here, where the case remains at the pleading stage.

Defendants' case citations do not suggest otherwise. Each involved amendment sought at a materially later stage of litigation or under circumstances involving concrete prejudice. Defendants read Fresno Unified too broadly by quoting "could easily have been avoided had the proposed amendments been included within the original pleading" out of context. The full passage makes clear that the court was discussing prejudice from added "[d]iscovery or other litigation costs." Because no discovery has occurred here, there are no such costs and no resulting

prejudice. Fresno Unified therefore does not support denial of leave. In *Jackson v. Bank of Hawaii*, amendment was sought only after summary judgment proceedings were already underway. In *Rich v. Shrader*, the plaintiff sought amendment after judgment had been entered. In *Alston v. County of Sacramento*, the plaintiff moved after the pleadings had closed and discovery was underway. In *AmerisourceBergen Corp. v. Dialysist West, Inc.*, amendment came at the close of discovery and sought to introduce different legal theories. And in *Forty-Niner Sierra Resources, Inc. v. Subaru of America, Inc.*, the plaintiff sought amendment after discovery had closed and reopening discovery would have been required. None of those circumstances is present here.

By contrast, this case remains at the threshold stage: no discovery has begun, no dispositive motion has been filed, and Plaintiffs seek to refine the factual allegations supporting their existing claims, not to derail a developed case schedule. The interests of justice are best served by allowing Plaintiffs to consolidate their claims and supporting facts into a single operative complaint for efficient adjudication on the merits.

### C. Defendants' Opposition Is Self-Contradictory

Defendants argue that the proposed SAC "supplies no new evidence," but also that it "presents old facts … as new." This contradiction matters.

If the proposed SAC truly "supplies no new evidence," then Defendants cannot simultaneously object that it improperly adds previously omitted factual material. And if the proposed SAC does add factual material that Defendants view as "old," then their assertion that it adds nothing collapses. The more accurate description is that the proposed SAC adds and refines factual allegations, some concerning past conduct, that Plaintiffs now plead based on investigation and legal analysis conducted after counsel's appearance.

### D. The New Allegations Are Proper Even If Some Underlying Events Occurred Earlier

Defendants argue that certain materials were "publicly accessible" and therefore should have been included from the outset. That argument is too simplistic. A document's public existence

does not mean it was reasonably available to Plaintiffs, as pro se litigants, in a form suitable for responsible pleading. Complex institutional discrimination cases are not built merely by locating documents; they require identifying relevance, connecting facts to the proper defendants, assessing how those facts bear on intent, and integrating them coherently into claims for relief.

Plaintiffs retained counsel after the FAC. With counsel's assistance, they were able to identify, organize, and plead additional facts whose legal significance was not previously apparent. That is a legitimate basis for amendment, particularly where the case remains at the pleading stage and merits briefing has not yet begun.

Since filing the FAC, Plaintiffs have developed additional factual support concerning UC documents and public statements bearing on the challenged admissions framework, the roles of Regents and Chancellors in related policymaking, and Minor Son's imminent exposure to the challenged regime. The operative complaint should reflect the best-developed factual record before merits adjudication begins.

**E. Defendants' Rule 8 and Defendant-Specific Objections Are Premature**

Defendants argue that certain proposed defendants—such as former Regents and current UC President Milliken—lack a sufficient connection to the challenged admissions conduct, and that the proposed SAC includes irrelevant allegations about non-defendants. But those are Rule 12 objections, not Rule 15 grounds to deny amendment. Their repeated assertion that various individuals are "in no way connected" to the claims merely repackages defendant-specific merits arguments that can be tested, if necessary, after the SAC is filed.

Defendants' own opposition confirms that the proposed SAC includes more particularized allegations tied to identified officials and admissions-related policies. That underscores that Defendants' objection goes to the legal sufficiency of those allegations, which is a question for ordinary motion practice after amendment—not a basis to deny leave.

Nor are the challenged allegations "irrelevant." They bear directly on institutional intent, precisely the type of evidence contemplated by Arlington Heights. For example, statements by UC-

affiliated law school deans concerning how universities could respond to *SFFA v. Harvard* are relevant to Plaintiffs' intent theory, even if not themselves dispositive.

In any event, Defendants overstate the point. This case does not challenge a single isolated admissions decision; it challenges systemwide policies, directives, and institutional practices allegedly maintained through UC's governing and administrative structure. The proposed SAC therefore includes officials alleged to have policymaking, supervisory, or implementation roles relevant to the challenged admissions framework and to Plaintiffs' requests for prospective relief. If Defendants believe any particular defendant is insufficiently connected to the challenged conduct, that issue can be addressed through ordinary motion practice after amendment—not by blocking amendment altogether.

The same is true of President Milliken. Plaintiffs seek prospective injunctive and equitable relief, and naming the current official with authority to implement any future court order is standard. Even if Milliken was not in office when Stanley applied, he is the current UC President and thus an appropriate official-capacity defendant for forward-looking relief.

### F. The Imminence of Injury: Minor Son is "Able and Ready"

The Minor Son's standing is not speculative. He plans to apply to UC in less than twelve months, and litigation of this kind often spans years. The risk of injury is therefore concrete and imminent. The proposed SAC plausibly alleges imminent harm under *Gratz v. Bollinger*, 539 U.S. 244 (2003), and *Northeastern Florida Chapter of the Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656 (1993).

Defendants' contrary characterization ignores both the allegations in the proposed SAC and the Minor Son's concrete steps toward the Fall 2027 admissions cycle. He is a high school junior with a 4.0 unweighted GPA and National Merit Semifinalist status. On March 11, 2026, he also took the SAT, further confirming that his college preparation is actively underway, not abstract or conjectural.

Although UC currently maintains a test-blind policy, that does not diminish the relevance of

Minor Son's concrete preparation for college admission. Those steps confirm that he is "able and ready" to compete for admission and faces a real prospect of being subjected to the challenged admissions regime.

Minor Son has also received recruitment materials from multiple universities—including Yale, Stanford, Columbia, Northwestern, Johns Hopkins, Vanderbilt, the University of Washington, and Duke—further confirming that he is actively engaged in the upcoming college admissions cycle.

Admissions litigation is also inherently time-sensitive. Because the Minor Son is approaching a live application cycle, delay works asymmetrically against Plaintiffs: each procedural detour increases the risk that another admissions cycle will proceed under the challenged policies before the merits are resolved. Denying leave on a supposedly "speculative" standing theory would therefore prejudice Plaintiffs far more than allowing Defendants to respond to a refined 56-page complaint.

### G.  Defendants Do Not Establish Futility

Defendants repeatedly assert that the proposed SAC adds nothing of substance and remains defective. But they do not come close to carrying the burden required to deny leave on futility grounds. Futility is ordinarily assessed under the same standard governing a motion to dismiss under Rule 12(b)(6), and denial on that basis is disfavored where the asserted defects turn on unresolved merits questions better addressed after the amended pleading is filed.

No motion to dismiss has been filed against any complaint in this action. Rather than test Plaintiffs' allegations through ordinary Rule 12 motion practice, Defendants ask the Court to use Rule 15 as a substitute merits screen. That is not the proper function of Rule 15.

If Defendants believe particular allegations are insufficient, they may raise those arguments in a motion directed to the operative complaint after amendment is allowed. At this stage, generalized assertions that the proposed SAC remains "defective" are no substitute for the clear showing required to deny leave on futility grounds.

Finally, Defendants cannot establish futility where a co-defendant federal agency remains in

the case and the federal government has already concluded that it will not defend the challenged HSI provisions on equal-protection grounds. At a minimum, that forecloses any assertion that Plaintiffs' HSI challenge is plainly futile.

## IV.    CONCLUSION

For all of these reasons, Defendants' opposition does not overcome Rule 15's liberal standard. There is no meaningful prejudice, no undue delay, no bad faith, and no showing of futility. At this early stage, justice is best served by allowing Plaintiffs to file the proposed SAC and by addressing any merits objections, if necessary, through ordinary Rule 12 practice.

Accordingly, Plaintiffs respectfully request that the Court grant their Motion for Leave to File the Second Amended Complaint.

Respectfully submitted,

**NACHTLAW, P.C.**

*/s/ David A. Nacht*
David A. Nacht (P47034)
Attorneys for Plaintiff
501 Avis Dr, Ste. 3
Ann Arbor, MI 48108
(734) 663-7550
dnacht@nachtlaw.com

Dated: March 30, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, I electronically filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

**NACHTLAW, P.C.**

/s/ David A. Nacht
David A. Nacht
Attorneys for Plaintiff